**John Campbell SCHOFIELD, Respondent,**

v.

**COMMERCE TRUST COMPANY, a Corporation, Trustee, and Linn J. Schofield, Appellants.**

**No. 22819.**

Kansas City Court of Appeals.
Missouri.
Dec. 1, 1958.

Crouch & Fitzgerald, Warrensburg, for Commerce Trust Co., Trustee.

Albert Thomson, Robert Coatsworth, Davis, Thomson, Van Dyke & Fairchild, Kansas City, for Linn J. Schofield.

Gayles R. Pine, Pine, Dixon & Welling, Warrensburg, for respondent.

BROADDUS, Presiding Judge.

Plaintiff brought this suit on May 5, 1955, in two counts. The first prayed for construction of the will of Linn J. Schofield, deceased; for judgment defining the duties and obligations of the Trustee; for determination of the rights of the beneficiary; for substitution of the Trustee, alleging abuse of discretion on the part of the Trustee in failing to provide plaintiff with adequate funds for his support and maintenance, as required of the Trustee under the terms of the will. The second count prayed for partition of certain personal property and real estate of the L. J. Schofield Trust.

At the trial plaintiff dismissed everything in Count I except that dealing with the increase in allowances to plaintiff. He dismissed everything in Count II except the matter of partition of the real estate. Upon completion of the trial on April 26, 1956, the court took the cause under advisement and on January 3, 1957, entered its decree finding that the Trustee had abused its discretion in providing for the support and maintenance of plaintiff and ordered the Trustee to pay plaintiff $225 per month for his support and maintenance from January 1955; that plaintiff's action was entered in good faith and that plaintiff's attorney fee was necessarily incident to and for the benefit of the Trust Estate and awarded plaintiff's attorney $750 for his services in the cause; and that the corpus of the Trust Estate could be invaded by the Trustee for payment of the judgment. The court found the issues against plaintiff on Count II. Defendants filed separate motions for new trial which were by the court overruled and defendants thereupon duly prosecuted their appeal.

On April 12, 1945, L. J. Schofield, who was a resident of Warrensburg, executed his last will and testament which contained the following provisions:

"First: I give, devise and bequeath all of my estate, whether real, personal, or mixed to my wife, Edith C. Schofield, for her lifetime.

"Second: The property above described, given to my wife for her lifetime shall be for her held in Trust under the following conditions:

"The Commerce Trust Company, Kansas City, Missouri, shall hold such property for my wife as Trustee with full power and discretion in the Commerce Trust Company to invest, reinvest, substitute, or in any manner manage and handle the corpus of said Trust Fund and shall apply the income and if necessary draw from the principal of the corpus for the maintenance and upkeep of my said wife in a generous and satisfactory manner as it is my wish that she receive all of the comforts to which she is accustomed.

"Third: It is my specific wish and desire that my wife, out of income received from the said Trustee, should care for and maintain so long as she shall live, my son John Campbell Schofield with all confidence and discretion in her judgment to carry out this request.

"Fourth: After the death of my wife, the residue of my estate remaining in the hands of said Trustee shall be by the Trustee divided equally between my two sons, John Campbell Schofield and Linn J. Schofield. The Trustee shall deliver up and turn over to Linn J. Schofield his one-half part. The other half belonging to my son John Campbell Schofield shall by the Trustee be held in Trust for his upkeep and maintenance and at his death, the residue, if any to be by the Trustee delivered to my legal heirs. The Trustee may use the principal of corpus if necessary for upkeep of my son."

L. J. Schofield died January 23, 1951. His will was duly admitted to probate in John-

son County on January 29, 1951. The Trustee entered into its duties as Trustee under said will and has continued to so act. Edith C. Schofield died January 2, 1955.

Plaintiff, 56 years of age, lived in the same house with his mother and, during the lifetime of Edith C. Schofield, the Trustee paid to her $325 to $350 per month. From these amounts she paid all of her expenses, including groceries, utilities, clothing, unusual expenses because of sickness, $25 to $35 per week for a housekeeper and nurse, and all of the living expenses of plaintiff except approximately $300 per year.

The testimony is undisputed that plaintiff has been in ill health for many years. He has a nervous condition and has suffered from a bone infection. He has had 17 operations for bone infection since 1914. He was a patient in the Swedish Hospital in Kansas City for several months in 1914 on account of the bone infection, which reoccurred in 1947 when he had to enter a hospital in Kansas City and in Warrensburg. He was a patient in State Hospital No. 3 in 1953 for about 100 days and a patient in Robinson's Clinic in Kansas City for two weeks in 1952 or 1953, for treatment of alcoholism. Plaintiff further testified that he has been unable to perform manual labor or hold a job during the last 15 years with the exception of doing some odd jobs as a painter's helper; that he has not been drinking intoxicating liquor since the fall of 1953.

On January 20, 1955, the Trustee informed plaintiff by letter that his support and maintenance would be limited to the income of the estate. Plaintiff received $100 per month from the Trustee since May 1955. According to plaintiff's testimony his monthly living expenses under normal conditions amounted to $380. The total value of the trust estate was $125,216.99.

█ The defendants contend that the court erred in ordering a fixed monthly payment to plaintiff ($225) as the Trustee acted in good faith and in a reasonable manner and thus did not abuse its discretion. The

rule is, of course, well settled that where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion. Bolles v. Boatmen's Nat. Bank, 363 Mo. 949, 255 S.W.2d 725, 732. As stated by a recognized authority (Scott on Trusts, Vol. 11, 2d Ed., Sec. 187, p. 1375): "There is no fixed standard by which it can be determined whether the trustee is abusing his discretion. A good deal depends upon whether there is any standard by which the trustee's conduct can be judged. Thus, if he is directed to pay as much of the income and principal as is necessary for the support of a beneficiary he can be compelled to pay at least the minimum amount which in the opinion of a reasonable man would be necessary."

█ There can be no dispute that is was the intention of the testator that his two sons should share equally in that portion of the estate which remained after the death of his widow. He so states such to be the fact by reciting "after the death of my wife, the residue of my estate remaining in the hands of said Trustee, shall be by the Trustee divided equally between my two sons." He then directed that the Trustee should "deliver up and turn over" to defendant, Linn J. Schofield, his one-half share or part of the estate after the death of his wife.

The next question which arises is: What was the intention of the Testator with regard to the other one-half share or interest of his estate? He specifically provided: "The other half *belonging* to my son, John Campbell Schofield", having reference to the one-half share or interest remaining after the death of his wife, "shall by the Trustee be held in Trust for his upkeep and maintenance", and "The Trustee may use the Principal or Corpus, if necessary, for upkeep of my son." Thus it is clear that it was the intention of the testator that plaintiff was entitled to his upkeep and maintenance during the remainder of his lifetime from the trust estate. No authority need be cited

in support of the rule that the testator's intention, when not in conflict with some positive rule of law, must be given effect.

It must be assumed that defendant Trustee was entirely familiar with the physical and mental condition of plaintiff continuously from January 22, 1951, when it entered upon its duties as Trustee, until the date of Mrs. Schofield's death on January 2, 1955. During all that time plaintiff, according to the undisputed evidence, was in no condition to maintain himself. With knowledge of that situation, defendant Trustee limited the payments to plaintiff to $100 per month in order to keep within the income of the estate. This was not in compliance with the testator's intention. We agree with the finding of the learned trial court "that said sum ($100) is and was insufficient under all the evidence *as was admitted* by the Trustee for the proper support and maintenance of the plaintiff in accordance with the terms of the Trust instrument," and with its further finding that the "Trustee has abused its discretion in that it only paid to plaintiff the sum of $100 per month for his upkeep and maintenance."

Defendants in their briefs assume the position that plaintiff failed to advise the Trustee of his needs before filing this suit. They overlook the fact, as disclosed by the transcript, that in February, 1955, plaintiff's attorney informed one of its officers that plaintiff's needs exceeded $100 per month and that he should have $300 per month for his support and maintenance.

Defendants also contend that the court erred in ordering the payment of the fee of plaintiff's attorney from the trust. The transcript discloses that plaintiff's counsel asked defendants if they were "going to raise a question as to attorney's fees, as to the amount, or if the court requires testimony or offer in a case of this type." In answer to that inquiry counsel for one of the defendants said: "The court is well aware of the value of services and can pass on that question." Later in the trial the court made this statement to counsel: "If you expect me to consider attorney fees, I have nothing to guide me, and nothing to support any holding one way or the other and I think there should be something in this record as to how much time and effort went into this matter. I can't intelligently set attorneys fees. If you can agree on the attorneys fees, that is OK, but I feel I should have something to guide me." Immediately following that announcement both defendants stipulated that the reasonable value of the services of plaintiff's counsel was $750. From the above it is clear that defendants having made no objection to the court's action are in no position now to complain.

The judgment is affirmed. All concur.