ESTATE OF Janet WALLACE,
Appellant,

v.

DIRECTOR, MISSOURI STATE DIVI-
SION OF FAMILY SERVICES,
Respondent.

No. 44265.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1982.

William J. Fletcher, Clayton, for appel-
lant.

Robert R. Northcutt, Paul T. Keller Dept.
of Social Services, Jefferson City, for re-
spondent.

REINHARD, Presiding Judge.

This is an appeal from a determination by
the Division of Family Services that claim-
ant is not entitled to medical assistance and
supplemental nursing care under Chapter
208 RSMo. 1975 Supp.

Claimant's initial application was filed on
May 19, 1978, and was denied on September
8. Claimant died on December 12, 1978 and
so at issue is claimant's right to benefits
between May 19 and December 12. An
appeal was brought by the trustee of claim-
ant's trust fund. A hearing was held, and
on December 13, 1978, the hearing examin-
er affirmed the denial of claimant's applica-
tion. The executor of her estate appealed
the decision to the circuit court, which af-
firmed, and to this court. We also affirm.

The reason claimant's application was de-
nied was the existence of a trust fund, of
which claimant was grantor, co-trustee and
beneficiary for life. The hearing officer
determined that claimant "has available re-
sources that exceed the maximum allowed."
The hearing officer relied on the language
of § 208.010.2 RSMo. which states, "Bene-
fits shall not be payable to any claimant
who ... (3) owns or possesses cash or secu-
rities in the sum of one thousand dollars or
more."

The trust was created by instrument exe-
cuted by claimant on June 25, 1976, and into
the trust claimant placed assets consisting
of cash, bonds, certificates, and household
goods. The corpus of the trust was worth
approximately $37,000 at the time of the
hearing. Under the trust instrument, the
trustee was to pay all income to claimant
for life and any principal claimant request-
ed in writing. Upon claimant's death, the
corpus was to go to certain specified benefi-
ciaries.

The trust was revocable at any time, by
claimant, as long as she was "living and ...
not ... legally disabled or incapable of

properly managing (her) affairs, as provided in Paragraph 13." Paragraph 13 provided, among other things: "Grantor (claimant) . . . shall be conclusively deemed incapable of properly managing . . . her affairs when so certified, in writing, by one of the Trustees and by a licensed physician." At the hearing, claimant's attorney filed the certificate of one of the trustees and that of a physician to the effect that claimant was incapable of managing her affairs. These documents had the effect, under the trust, of making the trust irrevocable.

As a further consequence of claimant being "deemed incapable of properly managing her affairs" under Paragraph 13, the trustee was empowered to use, in his discretion, all or any part of both principal and income for claimant's support and medical care.[1]

The issue in this case arose out of the language of Paragraph 18 of the trust. It provided:

> The Trustee shall have the power in the Trustee's discretion to treat income and/or principal benefits of this Trust as supplemental to and in addition to payments and other benefits which are, or would be except for this Trust, available to any beneficiary, under any public law, insurance policy or other program or source under which such beneficiary or any person in such beneficiary's behalf is entitled to or does or would except for this Trust receive medical care, nursing care, treatment, support, maintenance or welfare benefits from whatever source, and to withhold Trust benefits to the extent of such public benefits.

The trustee notified the Division that he would withhold payments for nursing home care under this provision of the trust because he believed claimant was entitled to such care under Chapter 208. The Division found that claimant was not in need because the trust assets were available for claimant's support. This decision is assailed as error on appeal.

Section 208.100.5 RSMo. 1981 Supp. requires that we review the case under § 536.140 RSMo. 1978. The parties agree as to the facts; appellant's complaint is that the Division's determination of need was "unauthorized by law." § 536.140.2(4). Our review of a question of law is not in any way restricted or controlled by the agency's decision. *First Bank of Commerce v. Labor & Industrial Relations Commission*, 612 S.W.2d 39, 42 (Mo.App.1981).

Specifically, appellant's argument on appeal is that under Paragraph 18 of the trust claimant had no right to support from the trust to the extent that benefits were available from the Division. Therefore, to that same extent, the Division should have considered her to be in need and should have awarded her benefits for nursing home care.

The defect in the logic of this argument lies in the fact that appellant is asking the Division to premise its determination of claimant's need on the assumption that claimant will be entitled to assistance. Entitlement to assistance, however, is the end product of the Division's inquiry; it may not be assumed as the first step. It is the conclusion to which the assessment of claimant's need, under § 208.010.1 RSMo. 1975 Supp. is the statutory prerequisite:

> In determining the eligibility of a claimant for public assistance under this law, it shall be the duty of the division of family services to consider and take into account all facts and circumstances surrounding the claimant, including his living conditions, earning capacity, *income and resources, from whatever source received,* and if from all the facts and circumstances the claimant is not found to be in need, assistance shall be denied. (emphasis added).

---

1. Paragraph 13 provides:
   [T]he Trustee or Successor Trustee may, in such Trustee's sole discretion, use and apply all or part of the net income and any or all of the net income and any or all of the principal comprising that beneficiary's Trust Estate, for the said disabled or ill beneficiary's personal and medical care, sustenance, support and comfort . . . .

The assessment of claimant's need, in turn, must focus on what claimant's situation would be if no assistance program were available. In this case, the trust provides that the trustee may in his sole discretion use any part of principal and income for the support of claimant. Such language has been held to require the trustee to pay the minimum amount which in the opinion of a reasonable man would be necessary for claimant's support, with the trustee's discretion limited to the determination of the amount necessary for that purpose, above that minimum. *Winkel v. Streicher*, 365 Mo. 1170, 295 S.W.2d 56, 62 (Mo.banc 1956); *Schofield v. Commerce Trust Co.*, 319 S.W.2d 275, 277 (Mo.App.1958); Scott on Trusts, § 187 (3rd Ed., 1967). The trust was intended by the grantor (claimant) to bear the burden of providing general support to claimant after she became incompetent—and would only be relieved of this burden to the extent claimant qualified for public assistance. Because claimant had a source of general support without public assistance, claimant was not in need, and, under the above-quoted statute, the Division properly denied such assistance.

Paragraph 18 of the trust allows the trustee to withhold payment of support in the amount of any benefits which are "available" to claimant. The Division's denial of claimant's application made it clear that no benefits were "available" to claimant. Therefore, the trustee had no right to withhold payments. It is the function of the Division to decide, in the first instance, whether assistance is "available" under the law. The trustee's decision to stop making payments to claimant because he believed her to be entitled to assistance was of no effect.

We see no error in the Division's determination.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.