Viola COUCH, Appellant,

v.

DIRECTOR, MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.

No. WD 42768.

Missouri Court of Appeals, Western District.

Aug. 28, 1990.

Chantay C. Moore, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Viola Couch, appeals the decision of the trial court which affirmed the decision and order of the Director of the Division of Family Services (Director) terminating her Medical Assistance Benefits.

At the time of the Director's decision, Viola Couch was an 81 year old widow. Pursuant to a Declaration of Trust, made March 28, 1987, Ms. Couch deposited $5,000 in a trust. The terms of the trust are as follows:

> Comes now Viola M. Couch and establishes and declares in behalf of herself an irrevocable burial trust in satisfaction of the requirements of the Missouri Department of Social Services, Division of Family Services, for qualification of herself for title 19 support, the application for which will be processed in her behalf in due course, by conveying by check of the undersigned the sum of Five Thousand ($5,000.00) to Martha Stark, her daughter, as Trustee for the uses and purposes hereafter set forth.

> The trustee shall invest the principal and earnings of this trust in maximum rate of interest bank certificates of deposit available, with all interest to be added to the principal, for the initial deposit and for any and all additions that may hereafter be made to this trust.

> Upon the death [sic] the undersigned, the principal and accumulated interest of this trust shall be devoted exclusively to the funeral and burial costs of the undersigned.

> Dated this 28th day of March, 1987.
> /s/  Viola Couch
> Viola M. Couch

On January 25, 1988, Ms. Couch applied to the Department of Social Services for Medical Assistance Benefits pursuant to Title XIX of the federal Social Security Act. At that time Ms. Couch was found eligible for Medical Assistance. On July

Richard N. Brown, Brookfield, for appellant.

18, 1988, Ms. Couch reapplied for Medical Assistance and listed the $5,000 trust as one of her resources.

The Chariton County Division of Family Services (DFS), submitted to its Policy Division a Request for Interpretation of Policy or IM–14, requesting a decision as to whether the trust could be considered an available resource for purposes of determining eligibility for Medical Assistance Benefits. In making decisions regarding available resources, the Policy Division caseworkers utilize what is referred to as an Income Maintenance Manual (IMM). The Policy Division determined the trust to be an available resource to Ms. Couch and terminated her Medical Assistance.

Ms. Couch appealed that decision to the Director of Family Services. A hearing was conducted on January 12, 1989, following which the Director also found the trust to be an available resource.

Ms. Couch appealed the decision of the Director to the circuit court which affirmed the Director's decision, finding it to be supported by competent and substantial evidence.

In the present appeal, Ms. Couch presents three points. In point one, she alleges that the trial court erred in affirming the decision of the Director because said decision was based upon manuals or IMM's which are not valid rules.

■ Initially, it is noted, that on appeal from an administrative proceeding, it is the agency's decision that this court reviews and the inquiry is whether the decision is supported by competent and substantial evidence upon the whole record. *Williams v. Missouri Dept. of Social Services,* 718 S.W.2d 193, 194 (Mo.App.1986).

■ This court is aware, as argued by Ms. Couch, and agreed to by DFS, that the IMM does not constitute a compilation of valid rules and has no legal controlling force. *Danner v. Division of Family Services,* 772 S.W.2d 868, 871 (Mo.App.1989). The IMM is a publication distributed to caseworkers and to claimants for guidance in presenting and processing claims. Apparently, the IMM reflects the policies utilized by the DFS in making determinations regarding eligibility for various types of benefits, including medical assistance.

■ Missouri participates in the Medicaid program which has as its purpose the provision of medical assistance to needy persons whose income and resources are insufficient to meet the expenses of health care. 42 U.S.C., § 1396. Pursuant to 42 U.S.C., § 1396a, a state may design a plan to meet its needs and conditions so long as the state operates within the framework set forth by the federal government and does not run afoul of the federal policy. *Mo. State Div. of Family Services v. Barclay,* 705 S.W.2d 518, 521 (Mo.App. 1985). To the extent that the IMM does not attempt to set forth rules and regulations, but merely states the policies and provides guidelines for DFS in making its decisions, it is not to be considered void in total as argued by Ms. Couch. There is no authority otherwise. Point I is denied.

In point two, Ms. Couch argues that the decision of the Director was in error, in that it determined the trust funds to be available to her.

The federal statute which pertains to the present appeal is 1396a(a)(17)(B) which, in pertinent part, reads as follows:

A State plan for medical assistance must —(17) ... include reasonable standards ... *for determining eligibility for and the extent of medical assistance under the plan which ... (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient ...*

With regard to the term "available resources", which is relevant herein, the "standards prescribed by the Secretary," dictate that, "resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(D), *Tidrow v. Dir., Mo. State Div. of Fam. Serv.,* 688 S.W.2d 9, 13 (Mo. App.1985).

Chapter XI, § V, pg. 3–7, is the provision of the IMM referred to by DFS as authority to deny Ms. Couch her benefits. It is noted that only page 3 of this provision is before this court and is not relevant to the present issues. DFS claims that this provision reorganizes Chapter 436, RSMo 1986, and 13 C.S.R. 40–2. However, in its decision and order, in the Conclusions of Law section, DFS cites to the provisions of § 208.010, RSMo 1986, and not to either Chapter 436 or 13 C.S.R. 40–2. In this regard, DFS concluded as follows:

Section 208.010.2(4), Revised Statutes of Missouri, provides that benefits shall not be payable to any claimant who: owns or possesses cash or securities in the sum of one thousand dollars or more; provided, however, that if such person is married and living with spouse, he or they, individually or jointly, may own cash or securities not to exceed two thousand dollars.

Section 208.010.2(5), Revised Statutes of Missouri, provides that benefits shall not be payable to any claimant who: owns or possesses property of any kind or character, excluding amounts placed in an irrevocable prearranged funeral or burial contract pursuant to subsection 2 of section 436.035, RSMo, and subdivision (5) of subsection 1 of section 436.-053, RSMo.

What becomes readily apparent, upon review of the statutory provisions is that DFS has ignored the remainder of § 208.010.2(5) which states:

... or has an interest in property, of which he is the record or beneficial owner, the value of such property, as determined by the division of family services, less encumbrances of record, *exceeds twenty-nine thousand dollars*, or if married and actually living together with husband or wife, if the value of his or her property, or the value of his or her interest in property, together with that of such husband and wife, exceeds such amount; (emphasis added).

Thus, although technically correct, that the trust created by Ms. Couch is not a valid irrevocable prearranged funeral or burial contract in accordance with the relevant provisions of Chapter 436, it appears that the reliance on subsection 5, by DFS, is misplaced as that subsection is applicable where the property amount exceeds twenty-nine thousand dollars.

▮ In its decision, DFS did reach the correct result by relying on subsection 4 of § 208.010.2, RSMo 1986, which sets the $1,000 limit. Determining the trust to be in excess of this amount, DFS proceeded to determine whether the trust was an available resource, in light of the relevant Missouri case law. Missouri follows the rule that a settlor, as sole beneficiary of a private, intervivos trust, can revoke the trust, notwithstanding a provision making it irrevocable. *Pilgrim Evangelical v. Luth. Church—Mo. Synod.*, 661 S.W.2d 833, 838 (Mo.App.1983). There is no suggestion that this rule is contrary to federal statutes or regulations and indeed it is not.

The trust herein, was established by Ms. Couch on behalf of herself for the purpose of providing for her burial expenses as well as to qualify for Title XIX benefits. She does however, as settlor and beneficiary, have the capability of making the res of the trust available to her. DFS did not err in so concluding. Point two is overruled.

▮ In her third and final point, Ms. Couch requests sanctions be imposed upon the Director pursuant to the provisions of Rule 55.03. It is pointed out that in an attempt to bolster this point, statements and exhibits are referred to which were never part of the record. This court cannot go beyond the record and any reference which is outside the record is to be strongly discouraged.

Rule 55.03 provides sanctions for a violation of the rule which requires the signature of an attorney or party certifying that he has read the pleadings, motions or other papers and that to the best of his knowledge, information and belief, the contents are grounded in fact and warranted by existing law or a good faith argument for extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or

cause delay or increase in the cost of litigation.

The record before this court does not reveal that sanctions are appropriate herein. Point three is denied.

The judgment is affirmed.

All concur.