[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the plaintiff, Gregory Forsyth by his father and conservator, Lynn Forsyth following a fair hearing decision in which Gregory was found ineligible for Title XIX medical benefits. The denial of Title XIX benefits by the hearing officer was based on his determination that Gregory was the beneficiary of a Medicaid Qualifying Trust within the meaning of 42 U.S.C. § 1386a(k).
The plaintiffs appealed the decision of the fair hearing officer to the Superior Court. The appeal was sustained by the court, Vertefeuille, J, based on the court's determination that the trust was not a Medicaid Qualifying Trust.
Thereafter the Supreme Court reversed the judgment of the trial court in Forsyth v. Rowe, 226 Conn. 818, 629 A.2d 379 (1993). The Court held that "for the purposes of [42 U.S.C.] § 1396a(k), Gregory is both the grantor and the beneficiary of the trust and that it is a medicaid qualifying trust." 226 Conn. at 818. The Court remanded the case because:
 The determination of Gregory's eligibility does not, however, end with our conclusion that the trust is a medicaid qualifying trust. The trust assets are considered available to Gregory up to the maximum amount of payments that the trustee could disburse if he exercised his full discretion under the terms of the trust . . . As a result of the trial court's finding that the trust was not a medicaid qualifying trust, it never reached the determination by the fair hearing officer that the trustee was able to distribute all of the funds in the trust at the trustee's discretion. In light of our finding that the trust is a medicaid qualifying trust, we remand the case for further proceedings in the trial court regarding the extent of the trustee's discretion, and if the trustee's discretion is limited, whether such limitation is valid under the circumstances. 226 Conn. at 830.
The Court in Forsyth described the following provisions and purpose of the pertinent federal statutes: CT Page 2918
 "[A] `medicaid qualifying trust' is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual" (Emphasis added.) 42 U.S.C. § 1396a(k)(2). The portion of principal and income from a medicaid qualifying trust considered "available" to an applicant "is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor." 42 U.S.C. § 1396a(k)(1). 226 Conn. at 825.
 Section 1396a(k) was enacted as a response to the use of irrevocable inter vivos trusts to transfer one's own assets and qualify for medicaid benefits. The availability requirement; 42 U.S.C. § 1396a(a)(17); had created a loophole by which individuals anticipating the need for expensive long-term medical care could impoverish themselves and qualify for medicaid assistance while preserving their resources for their heirs. Assets or income held in irrevocable trusts are not considered resources to a beneficiary or applicant because the asset is not "available" to the grantor. Zeoli v. Commissioner of Social Services, supra, 94-95. An individual could place assets in an irrevocable discretionary trust that paid him the income for life until long-term medical care became necessary. At that point the trustee could exercise his discretion to withhold payments to the beneficiary, thus, allowing the beneficiary to qualify for medicaid assistance while preserving assets for his heirs. Congress closed this loophole by deeming available to the beneficiary the maximum amount that could, at the trustee's discretion, be distributed to the beneficiary from such a trust regardless of whether or not the funds are distributed. 42 U.S.C. § 1396a(k); H.Rep. No. 99-265, 99th Cong., 1st Sess. 71-72 (1985).
 Our holding that a trust established by the person who furnished the consideration is a medicaid qualifying trust for purposes of § 1396a(k) comports with the CT Page 2919 present Congressional mandate delineating the assets that are available to a potential medicaid recipient. To permit Gregory to collect medicaid benefits from the taxpayers when $195,000 of his assets are sheltered in a trust, all of which could potentially go to his heirs, would violate the spirit and intent of the medicaid program. 226 Conn. at 829-830.
The corpus and income of the trust are managed by a corporate trustee. Disbursements are made at the direction and discretion of a separate trust advisory committee consisting of three persons including Lynn Forsyth. The trust contains the following language pertinent to the use and distribution of the trust income and corpus:
 (a) During the term of this Trust, it is the purpose of this Trust to provide extra and supplemental medical, health, and nursing care, dental care, developmental services, support, maintenance, education, rehabilitation, therapies, devices, recreation, social opportunities, assistive devices, advocacy, legal services, personal attendant care, and consultant services for Gregory L. Forsyth over and above the benefits he otherwise receives as a result of his disabilities from any local, state or federal government or from any other private or public profit or non-profit organizations, and over and above any assistance provided him by family and friends. It is the express purpose of the parties to use the Trust estate only to supplement other benefits received by the beneficiary. . .
 (b) The Trust Advisory Committee shall have absolute and unfettered discretion to determine when and if Gregory needs regular and extra supportive services as referred to in the paragraphs above. The Trust Advisory Committee may direct the Trustee to make or withhold payment at any time and in any amount as the Trust Advisory Committee deems appropriate in the exercise of its discretion. . .
 (c) The Trust Advisory Committee may, but is not required to, establish a regular monthly amount to be paid as a supplement for Gregory L. Forsyth to provide for services he needs as a direct result of his disability . . . Such funds should not be used to provide basic food, clothing, and shelter, nor be available to CT Page 2920 the beneficiary for conversion for such items, unless all local, state and federal benefits for which he is eligible have been applied for those purposes. . . . . . .
 (e) Whenever the Trustee determines that the net income of the Trust is not sufficient to make the distributions directed by the Trust Advisory Committee as set forth herein, the Trustee is authorized to invade the principal for so much as is necessary to comply with such directions. Emphasis added.
The legislative history of § 1396a(k) appears to support the Commissioner's position that the trust assets are considered available to Gregory for the purpose of determining medicaid eligibility if the trustee has any discretion with respect to distribution to Gregory. The pertinent part of the legislative history provides:
 The Committee bill defines a Medicaid qualifying trust as a trust . . . under which one or more trustees are given any discretion whatsoever with regard to the amounts to be distributed or the purposes for distribution. For this purpose, the term "discretion" includes actions taken by a trustee in accordance with instructions to supplement cash or medical assistance benefits by specific amounts. . . . . .
 [W]hat is determinative is the maximum amount that a trustee could, in the full exercise of discretion for the distribution of the maximum amount to the grantor, distribute to that grantor, whether from income or from principal. . . . . .
 The provision does not, however, authorize States to apply standards more restrictive than those set forth in the Committee bill to beneficiaries of Medicaid qualifying trusts, such as deeming available to a beneficiary assets that have been irrevocably placed in trust and over which the trustee can exercise no discretion whatsoever. Emphasis added.
H.R. Conf. Rep. No. 99-265, 99th Cong. 1st Sess. 72-73 (1985). CT Page 2921
Courts that have considered similar trusts have adopted such a construction. In Hatcher v. Department of Health andRehabilitative Services, 545 So.2d 400 (Fla. 1989), the trust instrument provided that the funds were to be used "`as a supplement to, and not a substitute for, any funds received from any other [public] agency.'" 545 So.2d at 401. In Barham by Barhamv. Rubin, 816 P.2d 965 (Hi. 1991), the trustee had discretion to use the income and principal for any of the beneficiary's needs, but the trust funds were not to be used to "supplant or replace any public assistance benefits available." In both cases the courts found that the resources in trust were available to the beneficiary such that they disqualified the beneficiary from eligibility for assistance.
The plaintiff argues that the funds in the trust cannot be deemed available to Gregory because the trustee does not have discretion to use the trust funds to pay for basic support which is available from any source, including state or federal benefits. InEstate of Wallace v. Director, 628 S.W.2d 388, 389 (Mo.App. 1982) the court considered a similar argument and stated:
 The defect in the logic of this argument lies in the fact that the appellant is asking the Division to premise its determination of claimant's need on the asumption that claimant will be entitled to assistance. Entitlement to assistance, however, is the end product of the Division's inquiry; it may not be assumed as the first step.
Based on this court's reading of the trust agreement, the trustee or trust advisory committee had the discretion to make or withhold payment in any amount, and had the discretion to invade the entire principal of the trust. Therefore, this court finds that the hearing officer was correct when he found that under42 U.S.C. § 1396a(k) the entire corpus of the trust must be considered available to Gregory for purposes of determining eligibility for Medicaid. The appeal is hereby ordered dismissed.
By the Court,
Aurigemma, J. CT Page 2922