Alma McKENZIE, Respondent,

v.

STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Appellant.

No. 74116.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 29, 1998.

---

Spencer E. Williams, Jefferson City, for appellant.

Larry S. Phillips, Edina, for respondent.

JAMES R. DOWD, Judge.

The Missouri Department of Social Services, Division of Family Services ("DFS") appeals from the judgment of the circuit court affirming with modification the administrative decision denying Alma McKenzie Medical Assistance Vendor benefits ("Medicaid"). We affirm in part and reverse in part the decision of the circuit court.

On October 12, 1990, Ms. McKenzie and her husband Virgil C. McKenzie executed an Inter Vivos Trust Agreement. This agreement created a revocable trust referred to as The Virgil C. McKenzie and Alma Ferne McKenzie Family Trust ("McKenzie Family Trust"). The trust was in two parts. Part one was an agreement between Virgil McKenzie as settlor and Carol and Gary McKenzie as co-trustees and part two was an agreement between Alma McKenzie as settlor and Carol and Gary McKenzie as co-trustees. The language of the two parts was reciprocal and gave the trustees discretion to pay the beneficiary income or other funds from the trust assets. Property of the settlors was transferred to that trust on the same day. Each settlor had an undivided one-half interest in the property.

On August 27, 1993, Ms. McKenzie and her husband modified the trust. The modification provided that the trust was irrevocable, that benefits would cease upon institutionalization, and that the trustees would have no discretion to distribute the principal to the settlor.[1]

On June 1, 1995, Ms. McKenzie was institutionalized. On April 24, 1996, Ms. McKenzie applied for Medicaid. DFS denied the application because it found that Ms. McKenzie had excess resources in the form of a trust. Ms. McKenzie requested an administrative hearing on the matter. On December 3, 1996, a telephone hearing was held and the decision of DFS was affirmed. The hearing officer found that Ms. McKenzie and her husband transferred assets of $330,047.87 on August 27, 1993 for less than fair market value when they converted the revocable trust containing their resources into an irrevocable trust. The hearing officer concluded that this transfer would render Ms. McKenzie ineligible for benefits until July 2009.[2]

Ms. McKenzie appealed from the administrative decision to the Circuit Court of Knox County. The circuit court affirmed the administrative decision as to the denial of benefits with two modifications. The circuit court found that the administrative decision that the McKenzie Family Trust was worth $330,047.87 in August 1993 was erroneous because the hearing officer failed to consider the indebtedness of the property and included Mr. McKenzie's trust property in the calculation.

The circuit court considered the indebtedness and concluded that the net equity of the McKenzie Family Trust was $170,610.00 at the time of the transfer. The circuit court further modified the administrative decision by deleting Mr. McKenzie's undivided one-half interest in the trust property from the calculation. The court found that the assets transferred to the irrevocable trust by Mr. McKenzie were not assets attributable to Ms. McKenzie. Thus, the court concluded that Ms. McKenzie transferred $85,305 and would not become eligible for Medicaid until after September 27, 1997. DFS appeals.

Both parties concede that the administrative decision was erroneous in that it failed to

1. On August 10, 1993, the Omnibus Budget Reconciliation Act of 1993, 42 U.S.C. 1396, a new law regarding trust assets and eligibility for medical assistance benefits, went into effect. To shelter assets under this law, the trust had to be irrevocable and the trustee must have no discretion to pay the principal of the trust to the settlor.

2. Section 1396p(c) requires a penalty of ineligibility for transfer of assets for less than fair market value. To determine the period of ineligibility the transferred amount must be divided by the average monthly cost to a private patient for nursing facility services in the State. This cost in Missouri is $1,725.00.

consider debt when calculating the trust assets to assess the transfer penalty. There is no dispute that the McKenzie Family Trust was worth $170,610.00 at the time of transfer. DFS, however, contends that the trial court erred in deleting the assets transferred by Ms. McKenzie's husband from the calculation. We agree.

The only issue before the court is whether the assets Mr. McKenzie transferred to the irrevocable trust in 1993 must be considered when calculating Ms. McKenzie's eligibility for Medicaid benefits. This issue is a question of law. Our review of a question of law is not in any way restricted or controlled by the agency's decision. *Missouri Div. of Family Servs. v. Wilson*, 849 S.W.2d 104 (Mo.App. W.D.1993). An appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the circuit court. *City of Cabool v. Missouri State Bd. of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985). Therefore, we exercise de novo review of the administrative decision denying Ms. McKenzie's application for benefits.

The purpose of Medicaid is to provide medical assistance to needy persons whose income and resources are insufficient to meet the expenses of health care. *Couch v. Director, Missouri State Div. of Family Servs.*, 795 S.W.2d 91, 93 (Mo.App. W.D.1990). Medicaid applicants may not artificially impoverish themselves to obtain benefits. 42 U.S.C. sec. 1396p(c) provides that if an institutionalized claimant or her spouse disposes of assets for less than fair market value on or after a thirty-six month look-back period, a claimant is ineligible for medical assistance for a period of time determined by dividing the transferred amount by the average monthly cost to a private patient for nursing facility services in the State.

Further, 42 U.S.C. sec. 1396p(d)(3)(B)(ii) provides with respect to an irrevocable trust that portions of the trust from which no payment could under any circumstances be made are deemed to be disposed of by an individual for purposes of subsection (c) as of the date when payment to the individual was foreclosed.

Here, Ms. McKenzie and her husband disposed of assets of $170,610.00 for less than fair market value when they converted the revocable trust into an irrevocable trust on August 27, 1993 and thus foreclosed Ms. McKenzie's access to the assets as of that date. The transfer took place within thirty-six months prior to Ms. McKenzie's application for Medicaid benefits on April 24, 1996. Therefore, this was a transfer without consideration within the look-back period and as such is subject to a transfer penalty.

The trial court concluded that Mr. McKenzie's transfer should not be included in the calculation because his portion was owned separately and thus could not be attributed to Ms. McKenzie. It is not relevant how the property was held. Assets "include all the income and resources of an individual and of the individual's spouse." 42 U.S.C. 1396p(e).

We find that the trial court erred in modifying the administrative decision by deleting Mr. McKenzie's transfer of assets for less than fair market value when calculating Ms. McKenzie's eligibility for Medicaid. We conclude that the value of the McKenzie Family Trust was $170,610.00 at the time of the August 27, 1993 transfer.

Accordingly, we reverse as to the circuit court's modification regarding exclusion of Mr. McKenzie's transfer and remand to the circuit court to enter judgment consistent with this opinion. We affirm with respect to all other matters.

CLIFFORD H. AHRENS, P.J. and
LAWRENCE E. MOONEY, J., concur.