541 So.2d 1264 (1989)
Theron R. DURDEN, Lorraine T. Durden, and Natureworks, Inc., a Florida Corporation, Appellants,
v.
CENTURY 21 COMPASS POINTS, INC., Etc., et al., Appellees.
No. 88-1462.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
Rehearing Denied April 25, 1989.
*1265 John J. Upchurch and Scott W. Cichon of Cobb & Cole, Daytona Beach, and Roger F. Dykes, Rockledge, for appellants.
R. Frazier Solsberry of Holland, Starling & Severs, P.A., Melbourne, for appellee Idell Lepeska.
No appearance for appellees Century 21 Compass Points, Inc., Compass Points, Ltd., Melvin Ezell and Henry J. Martocci.
COWART, Judge.
At the time of his death, Gilliland owned real estate subject to a written lease with Century 21 Compass Points, Inc. The lease contained certain options to renew. Appellee Lepeska was appointed as personal representative of the estate of Gilliland. Appellants, the Durdens, agreed to buy, and Lepeska, as personal representative, agreed to sell the leased estate-owned real property. In order to induce the Durdens, as buyers, to close the sale and take title, Lepeska, as the selling personal representative, provided the buyers with an "affidavit," relevant portions of which are as follows:
3. That notwithstanding any thing in said attached leases to the contrary, Affiant warrants that the Century 21 and 60 Minutes Development, Inc., are month-to-month only in term and that no options to renew have been exercised or are exercisable and that the owner of the Property is entitled to all rights of termination and otherwise as a Landlord under a month-to-month commercial lease.
* * * * * *
7. That Affiant has made this Affidavit to induce Theron R. Durden and Lorraine T. Durden to purchase the Property in accordance with the terms of the subject purchase and sale contract and agrees to indemnify and hold Buyer harmless from all damages and injuries resulting from the breach of the warranties and representations herein contained.
The buyers relied on the representations and warranties in this affidavit and completed the purchase. After the buyers successfully maintained eviction proceedings against the old lessee, Century 21, in the county court, the buyers entered into a lease with Natureworks, Inc., as new tenant, which new tenant took possession and expended sums in improvements to the premises. The old lessee, Century 21, appealed the eviction judgment, and the circuit court, as appellate court, held that Century 21 had properly exercised one of the renewal options in its lease and reversed the judgment of eviction. That appellate ruling was not further reviewed and is final and conclusive. The buyers and their lessee, Natureworks, Inc., brought this action for money damages against the selling personal representative alleging (1) that the representations in the "affidavit" were false, (2) that the warranty contained therein was breached and (3) that the buyers had suffered damages for which the selling personal representative had agreed to indemnify the buyers. The trial court ruled in favor of the selling personal representative. The buyers and the new lessee appeal.
The trial court relied on Stephan v. Brown, 233 So.2d 140 (Fla. 2d DCA 1970), which involves the merger of provisions in a contract for sale of realty with a deed given pursuant to that contract and with the liability of the personal representative grantor in that case for breach of a covenant *1266 of warranty which was contained in the contract for sale but not contained in the personal representative's deed accepted by the grantee in performance of the contract of sale. As to the concept of merger of covenants in a contract of sale into the deed accepted in performance of the contract of sale, that case is not applicable to the facts in this case. The representations and warranty contained in Lepeska's "affidavit" were not covenants in a contract of sale, which are often merged in the deed given in performance of the contract of sale, but were independent of the contract of sale and were made and given expressly to induce the purchaser to rely on those matters represented and warrantied and to complete the sale in the face of possible claims of a tenant in possession.[1] The representations and covenants in the selling personal representative's "affidavit" are not the type that merge in a deed at closing even if contained in the contract of sale because clearly they would be of no value or legal effect unless they did survive the closing and acceptance of deed which act they were given to induce. See generally Niesz v. Gehris, 418 So.2d 445 (Fla. 5th DCA 1982), rev. denied, 427 So.2d 736 (Fla. 1983), and Sun First National Bank of Orlando v. Grinnell, 416 So.2d 829 (Fla. 5th DCA 1982), rev. denied, 424 So.2d 761 (Fla. 1982).
While we hold that the warranty contained in Lepeska's "affidavit" did not merge in her deed, the personal representative also relies on Stephan v. Brown for the proposition that the estate of which she is personal representative cannot be held liable for breach of her express warranty or the indemnity agreement or any tort of misrepresentation involved in her affidavit. This position appears to be supported by two old but universally accepted rules of law, viz: (1) an estate is not liable when any personal representative gives a warranty as to the title to estate property being sold and (2) an estate is not liable for the fraud or misrepresentation of a personal representative, even when the fraud or misrepresentation benefited the estate as when it is made to induce a purchase of estate property. See the cases collected in the Annotations: Liability of Estate for Tort of Executor, Administrator, or Trustee, 82 A.L.R.3d 892, 947 § 16, Fraud or misrepresentations (1978).
These general rules hold that the warranting and misrepresenting personal representative can only be held personally responsible although the law also permits the personal representative to be reimbursed by the estate. Early day legal scholars recognized the harshness of these rules and suggested a theoretical basis for a different result. See Stone, A Theory of Liability of Trust Estates for the Contracts and Torts of the Trustee, 22 Columbia Law Review 527 (1922), and Scott, Liabilities Incurred in the Administration of Trusts, 28 Harvard Law Review 725 (1915).
Section 733.619(3), Florida Statutes, provides as follows:
(3) Claims based on contracts, except a contract for attorney's fee, entered into by a personal representative in his fiduciary capacity, on obligations arising from ownership or control of the estate, or on torts committed in the course of estate administration, may be asserted against the estate by proceeding against the personal representative in his fiduciary capacity, whether or not the personal representative is individually liable therefor.
We hold that in this case, the warranty provision in paragraph 3 and the indemnity and "hold harmless" provision in paragraph 4 of the selling personal representative's "affidavit" are "contracts" entered into by a personal representative in her fiduciary capacity and "obligations arising from ownership and control of the estate" and that a representation of the personal representative as to a material fact can constitute a tort "committed in the course of estate administration" for which the estate can be liable under this statute, such as here, where the representation is *1267 made by the personal representative to induce a purchase of estate property and the representation otherwise meets the legal definition of the tort of misrepresentation. Accordingly, we hold that by the language of this statute, the legislature has, in Florida, changed the two general rules of law stated above and that, under the authority of this statute, the claims of the buyers in this case based on the representations, warranty and indemnity agreements contained in the personal representative's "affidavit" "may be asserted against the estate by proceeding against the personal representative in his [her] fiduciary capacity, whether or not the personal representative is individually liable therefor."
Accordingly, the judgment below is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] This case illustrates the common-law warning that possession gives constructive notice of all rights of the possessor and the wisdom involved in the common-law practice of attornment by a tenant.