**Ada SILVEY, Appellant,**

v.

**Ron J. ROSENAUER, Conservator of Estate of Edna F. Weidmaier, Respondent.**

**No. WD 44138.**

Missouri Court of Appeals, Western District.

Aug. 27, 1991.

Jerome Y. Biggs, Jr., St. Joseph, for appellant.

John Manring, St. Joseph, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

Plaintiff's petition in the present case alleged that Ron J. Rosenauer, conservator of the estate of protectee Weidmaier, an incapacitated person, entered into a contract to sell to plaintiff a tract of real estate belonging to his protectee. In connection with the sale contract, the conservator told the plaintiff, in substance, that he would promptly present the sale to the probate court for its approval and that the probate court's approval would be forthcoming as a matter of routine. The fact was, according to the petition, the conservator at the time of making such statements harbored a secret intention not to present the contract to the probate court at once, but to seek other buyers at a higher price.

Exactly what the conservator is alleged to have done with respect to the sale contract is not entirely clear, but allegations of the petition may be interpreted as follows: Plaintiff's first contract to purchase the property was signed March 2, 1990. Plaintiff put up $12,000 earnest money on the $120,000 purchase price. The conservator failed to file this report of sale within the ten days allowed for the filing, § 473.513, RSMo 1986. The conservator continued to offer the property to others, particularly to a member of his protectee's family, for a higher price. Later the conservator returned to plaintiff with a second contract, like the first but of current date. His report of sale filed in the probate court reported the sale to plaintiff along with another sale of the same real estate to a different party, requesting the probate court to approve one or the other. The court did not approve the sale to plaintiff, and apparently did not approve the other sale, either.

Plaintiff alleges she relied upon conservator's false and fraudulent statements that the sale would be routinely approved by the probate court. Intending to move her residence and her business to the new property, she proceeded with the sale of her property where her business was located in St. Joseph, and aborted her efforts to sell her residence. She lost the interest on the $12,000 earnest money she had deposited with the sale contract while the sale was pending, and was obliged to incur attorney's fees and other costs, all to her damage.

■ Plaintiff's petition seeks money damages for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment. It joins as defendants Ron J. Rosenauer both personally, and as conservator of the estate of the protectee.

The trial court dismissed the petition as against the estate of the protectee, on the ground that the petition did not state a claim upon which relief could be granted against the estate. From that judgment the plaintiff has appealed. The petition is still pending against the conservator individually.

The common law clearly is that the estate of the protectee would not be liable to a third person for damages resulting from the fraud of the conservator. *See Barnett v. Schumacher,* 453 S.W.2d 934, 937 (Mo. 1970); *Gilliam v. Hopkins,* 472 S.W.2d 436, 443 (Mo.App.1971); *Richardson v. Palmer,* 24 Mo.App. 480 (1887); Annotation, *Liability of Estate for Tort of Executor, Administrator or Trustee,* 82 A.L.R.3d 892, 947 (1978); 127 A.L.R. 687 (1940); 44 A.L.R. 637 (1926).

The common law rule, however, has been abrogated, with respect to conservators of the estate of incapacitated persons, by the adoption of section 475.132, RSMo 1986, which reads as follows:

(1) Unless otherwise provided in the contract, a conservator is not individually liable on a contract properly entered into in his capacity as conservator in the course of administration of the estate unless he fails to reveal his representative capacity and identify the estate in the contract.

(2) The conservator is individually liable for obligations arising from ownership or control of property of the estate or for torts committed in the course of administration of the estate only if he is personally at fault.

(3) Claims based on contracts entered into by a conservator in his fiduciary capacity, on obligations arising from ownership or control of the estate, or *on torts committed in the course of administration of the estate may be asserted against the estate by proceeding against the conservator in his fiduciary capacity,* whether or not the conservator is individually liable therefor (emphasis added).

(4) Any question of liability between the estate and the conservator individually may be determined in a proceeding for accounting, surcharge, or indemnification, or other appropriate proceeding or action.

This section was enacted in 1983, L.1983, S.B. Nos. 44 & 45, § 1; it is taken from § 5–428 of the Uniform Probate Code 8 *U.L.A.* 507 (1983). The UPC comment following the corresponding section of the UPC relating to *personal representatives of decedent's estates* (UPC § 3–808)[1] says: "This and the following sections are designed to make the estate a quasi-corporation for purposes of such liabilities. The personal representative would be personally liable only if an agent for a corporation would be under the same circumstances, and the claimant has a direct remedy against the quasi-corporate property."

In *Durden v. Century 21 Compass Points, Inc.,* 541 So.2d 1264 (Fla.Dist.Ct. App.1989), a third person's claim for damages for fraudulent misrepresentation by the personal representative in the course of the administration of a decedent's estate was held to be maintainable against the estate on the basis of the above UPC provision adopted as a Florida statute.

See also, to the same effect, 31 Am. Jur.2d *Executors and Administrators* §§ 135, 437 (1989).

It appears therefore to be the uniform understanding of UPC § 3–808 that it changes the common law rule that the estate of a decedent could not be held liable in damages for the personal representa-

tive's fraudulent misrepresentations made in the course of administration, and adopts a new rule that allows an injured plaintiff recovery against the estate in those situations. That understanding of the effect of UPC § 3–808 is freely transferable to UPC § 5–428, which, with a change of the "personal representative-decedent" terminology to "conservator-protectee", is a rescript of UPC § 3–808. The Missouri Bar Probate and Trust Committee comment to § 475.-132, which is taken whole from UPC § 5–428, is as follows: "Subsection 3 would give contract and tort claimants a remedy against the estate whether or not the guardian or conservator is individually liable." MoBarCLE *Missouri Probate Update and New Guardian and Trust Codes* 69 (1983).

We hold therefore, that plaintiff's claim for damages for the conservator's fraudulent misrepresentations made in the course of selling his protectee's property may be maintained against the estate of the protectee.

■ The protectee's estate raises another ground upon which it says the plaintiff's petition fails to state a claim upon which relief may be granted. It says the misrepresentation attributed to the conservator was a representation of law and not of fact, and it was therefore not actionable. It cannot be said, however, that the alleged fraudulent misrepresentations were wholly of law, or, if they were misrepresentations of law, that they were not actionable. It might be proved within the scope of plaintiff's allegations that the conservator was, or had been, public administrator of the county, and conversant not only with the legal procedures for the sale of a protectee's property, but with the practical workings of the probate court. Plaintiff on the other hand was inexperienced and uninformed about such matters. So when the conservator told plaintiff he was authorized to sell the property, subject only to the approval of probate court, and that he would promptly file his report and seek the

---

**1.** The corresponding UPC provision relating to decedents' estates (UPC § 3–808) has not been   enacted in Missouri.

court's approval, which approval would be forthcoming routinely, plaintiff was entitled to believe (or might be found by the jury to have been entitled to believe) she could depend upon the closing of the sale. She did not know that the conservator did not intend to present the contract to the probate court for approval; the conservator harbored an undisclosed purpose to seek other bids for the subject property, for a higher price. Thus the conservator misrepresented his present intention or state of mind, always held to be an actionable misrepresentation of fact. *See White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1978); *Essex v. Getty Oil Co.,* 661 S.W.2d 544, 550 (Mo.App.1983).

When the conservator spoke of probate court practices and procedures in respect to the sale of a protectee's real estate, he was an expert, speaking to a person who was not an expert. If his representations are deemed to be representations of law, that does not make them nonactionable. Other people than lawyers may be held accountable for misrepresentations of law—real estate agents as in *Mullen v. Fridley,* 600 S.W.2d 125 (Mo.App.1980) and bank officials as in *Aurora Bank v. Hamlin,* 609 S.W.2d 486 (Mo.App.1980). The question ultimately is, did the plaintiff have a right to rely upon the speaker's representations? This is usually a question of fact to be decided by the jury and we are unable to say as a matter of law upon the allegations of the petition plaintiff was not justified in relying upon conservator's representations.

Plaintiff's petition stated a claim upon which relief can be granted.

Judgment reversed and cause remanded for further proceedings.