Fawn BRENTS and Dianne
Forbes, Appellants,

v.

Susan WACHEL, Mary Jane Parrish,
Ann Mayes, Bill Melcher and Lea
Wilson, Respondents.

No. WD 46340.

Missouri Court of Appeals,
Western District.

Jan. 12, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 1993.

Application to Transfer Denied
April 20, 1993.

Thomas V. Bender, Francis M. Hanna,
Kansas City, for appellants.

Thomas E. Deacy, Jr., Kansas City, for
Respondent Parrish.

Gary Tibor Gall, Lee's Summit, for Re-
spondent Mayes.

Richard G. Callahan, Jefferson City, for
Respondent Melcher.

Heywood H. Davis, Kansas City, for Re-
spondent Estate of John C. Bray.

Before FENNER, P.J., and TURNAGE
and KENNEDY, JJ.

FENNER, Presiding Judge.

Appellants, Fawn Brents and Dianne
Forbes, appeal the dismissal by the trial
court of their "Petition To Admit Last Will
To Probate." Appellants are two of the
three daughters of John C. Bray, deceased.
John Bray died July 15, 1991. The will
sought to be admitted by appellants pur-
ported to be a will of John C. Bray, which
was alleged to have been executed in 1980
(hereinafter referred to as the 1980 will).
Another will of John C. Bray dated October
5, 1987, was admitted to probate by order
dated July 26, 1991 (hereinafter referred to
as the 1987 will). By its terms the 1987
will revokes all prior wills.

Respondent, Susan Wachel is the third daughter of John Bray. Susan Wachel is listed as a legatee under the 1980 will as well as the 1987 will. All three daughters of John Bray receive a less favorable share of his estate under the 1987 will than under the 1980 will. Respondents, Ann Mayes, Bill Melcher, and Lea Wilson are legatees under the 1980 will. Respondent, Mary Jane Parrish is named as the personal representative and residuary legatee under the 1987 will.

Prior to filing their petition to admit the 1980 will, appellants filed two separate actions attempting to contest the 1987 will. The first action to contest the 1987 will was filed on August 23, 1991 (hereinafter referred to as the 1991 will contest). This 1991 will contest was dismissed by the trial court on January 3, 1992, for failing to obtain service on all parties defendant within the time prescribed by section 473.083, RSMo Supp.1992.[1] On January 7, 1992, appellants filed a second will contest (hereinafter referred to as the 1992 will contest). The 1992 will contest was dismissed by the trial court on March 2, 1992, on the determination by the trial court that the dismissal of the 1991 will contest precluded maintenance of the 1992 will contest. The dismissal of the 1992 will contest has been reversed on appeal in an opinion handed down concurrent herewith. *See Brents v. Parrish*, 849 S.W.2d 63 (Mo.App.1993).

On January 30, 1992, appellants filed their petition to admit the 1980 will. The trial court dismissed said petition upon finding that it was barred under the time limitation provisions of section 473.050, RSMo 1986.[2] In their sole issue on appeal, appellants challenge said order and finding of the trial court.

Section 473.050 provides as follows:

No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the judge or clerk of the probate division of the circuit court, within six months from the date of the first publication of the notice of granting letters testamentary or of administration by the probate division of any circuit court in the state of Missouri, or within thirty days from the commencement of an action under section 473.083 to establish or contest the validity of a will, whichever is later, on the estate of the testator named in the will so presented.

In dismissing appellants' petition, the trial court expressed its opinion that once a will contest is filed, the alternative thirty day provision of section 473.050 becomes mandatory. The trial court construed the purpose of the time limitations in section 473.050 as being to carry out a legislative intent to prevent a succession of will contests. The trial court reasoned that only if the thirty day provision became mandatory upon the filing of a will contest would it be possible to determine, expeditiously in one proceeding, which of several wills was in fact the last will and testament of a given decedent. Since the 1991 will contest was filed on August 23, 1991, the trial court found appellants' petition to admit the 1980 will, filed January 30, 1992, to be out of time as not within thirty days of the filing of the 1991 will contest.

Appellants argue that the trial court misinterpreted and misapplied the time limitations of section 473.050. Appellants argue that section 473.050 allows a will to be presented for probate on whichever is the later of six months from the date of the first publication of the notice of granting letters testamentary or of administration, or thirty days from the commencement of a will contest action. Since the letters in the case at bar were first published on July 30, 1991, appellants argue that they had six months or until January 30, 1992 to present the 1980 will for probate. Since appellants' petition to present the 1980 will was filed on January 30, 1992, appellants argue it was not time barred.

 When construing statutory language, the primary rule is to ascertain the intent of the legislature from the language used, to give effect to that intent if possi-

---

**1.** All references to section 473.083 are to RSMo Supp.1992.

**2.** All references to section 473.050 are to RSMo 1986.

ble, and to consider the words used in their plain and ordinary meaning. *State ex rel. Osborne v. Goeke,* 806 S.W.2d 670, 672 (Mo. banc 1991). However, where the language of a statute is unambiguous and conveys a plain and definite meaning, the courts are not to search among the rules of construction to seek or impose another meaning. *Matter of Estate of Thomas,* 743 S.W.2d 74, 76 (Mo. banc 1988).

■ The language of section 473.050 is clear and unambiguous in providing that a will may be presented for probate within six months from the first publication of notice of granting of letters in the estate *or* within thirty days after the commencement of a will contest, *whichever is later.* The plain meaning of the language used is that the time limits are to be applied alternatively. The trial court erred in construing the statute to have a different meaning.

However, this does not end our analysis of the case at bar in that another issue is presented by this appeal which in the interest of judicial economy needs to be addressed and will provide guidance on remand.

Appellants' petition to admit the 1980 will alleges, among other matters, that "[t]he Will is the Last Will and Testament made and executed by decedent while of sound mind and disposing memory and of legal age and not acting under fraud, duress, mental incapacity or undue influence." Appellants seek to contest the 1987 will in their petition to admit the 1980 will by challenging the capacity of the testator. The trial court was correct in dismissing appellants' petition to admit the 1980 will to the extent that it sought to contest the 1987 will.

■ The right to contest a will did not exist at common law; it is a purely statutory right and can only be exercised in strict compliance with the statutory provisions relating to will contests. *Kreisel v. Wischmeier,* 813 S.W.2d 346, 348 (Mo.App. 1991). A petition to admit a will to probate is not a proper vehicle under which to contest a will.

The judgment of the trial court dismissing appellants' petition to admit the 1980 will is affirmed to the extent that it precludes appellants from contesting the 1987 will in said proceeding. Otherwise, the judgment of the trial court is reversed and this cause is remanded for the trial court to determine the admission or rejection of the 1980 will.

All concur.