**Jeanne STROUP and Robert Stroup, Plaintiffs/Respondents,**

**v.**

**McGee LEIPARD and Helen Leipard, Defendants/Appellants,**

**Marguerite Stevens and M.C. Leipard, Defendants/Respondents.**

No. WD 54439.

Missouri Court of Appeals, Western District.

Oct. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1998.

Application for Transfer Denied Jan. 19, 1999.

Terry L. Williams, Kansas City, for appellants.

John B. Neher, Lexington, for respondents.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

BRECKENRIDGE, Judge.

McGee Leipard and Helen Leipard (the Leipards) appeal from the trial court's order amending its judgment and admitting the 1989 will of McGee Leipard's brother, Albert Leipard (the decedent), into probate after a jury rejected a later instrument as the decedent's last will and testament. On appeal, the Leipards contend that the trial court erred by amending its judgment to admit the 1989 will because a jury verdict was required to establish it as the will of the decedent since the 1989 will had previously been rejected from probate. The Leipards contend that the proponents of the 1989 will, Jeanne Stroup and Robert Stroup, abandoned their claim to establish the rejected 1989 instrument as the decedent's will by failing to offer

jury instructions and a verdict form regarding that document.[1] The Leipards also contend that the trial court erred by finding that the Leipards admitted the due execution of the 1989 will because they were not authorized by Missouri law to challenge the validity of the 1989 will, since it had not been admitted to probate.

The judgment of the trial court is affirmed.

### Factual and Procedural Background

The present appeal arises out of a will contest proceeding. The decedent died on March 24, 1996 when he was 96 years old. On March 26, 1996, an instrument in writing purported to be the decedent's last will and testament and dated January 11, 1995, was presented for probate in the Probate Division of the Circuit Court of Jackson County. Shortly thereafter, the probate division issued a certificate of probate, admitting this instrument to probate as the decedent's last will and testament. Subsequently, around April 19, 1996, a prior instrument in writing dated January 19, 1989, was presented for probate in the same probate division. At that time, the judge of the probate division issued a certificate and judgment rejecting the 1989 instrument as not being the decedent's last will and testament because of the existence of the subsequent 1995 instrument which revoked all previous wills and codicils of the decedent.

On June 12, 1996, the Stroups filed a document entitled "Petition to Contest Will and to Probate Rejected Will" in the Circuit Court of Jackson County, Missouri. In this petition, the Stroups requested the trial court reject the 1995 instrument as the decedent's last will and testament because he executed this document "while he was not of sound mind and lacked the mental or testamentary capacity to make a Will...." In the alternative, the Stroups claimed that the decedent was under the undue influence of McGee and Helen Leipard at the time he signed the 1995 instrument in which he left his entire estate to them. The Stroups made numerous alle-

gations concerning the decedent's increasing infirmity and his mental state in 1995. The Stroups also alleged that the decedent had very little contact with the Leipards until after the decedent's wife died in 1992 and they began assisting the decedent with numerous tasks. Furthermore, the Stroups alleged that the decedent had told them that the Leipards had caused him to sign this will and that he was confused and bewildered at the time.

The Stroups also alleged that the decedent's last will and testament executed in 1989, which left only two and a half percent of his estate (not to exceed $10,000) to Mr. Leipard, should be admitted into probate. In their petition, the Stroups alleged that the decedent executed the 1989 will as his free act and deed. They also pleaded that the 1989 will was signed by the decedent when he was of sound and disposing mind and memory and that the document was attested to by at least two competent witnesses who signed their name in his presence. Finally, the Stroups alleged that the 1989 will was executed when the decedent was under no constraint or undue influence.

In their answer, the Leipards admitted that the decedent was "completely competent, of majority age, and of sound mind" when he signed the 1989 will, but stated that they were without sufficient knowledge concerning whether the decedent was under undue influence. The Leipards denied the validity of the 1989 will because of a provision in the 1995 will which revoked all previous wills and codicils of the decedent. The Leipards also denied that the 1995 will was executed while the decedent was in an unsound state of mind or as a result of the undue influence or fraud of the Leipards. Therefore, the Leipards requested that the trial court declare the 1995 will to be the decedent's last will and testament.

The matter was transferred to the probate division and, in accordance with the Stroups' request under § 473.083.7, RSMo 1994,[2] the court empaneled a jury to decide the issues

---

**1.** Respondent Marguerite Stevens and M.C. Leipard were named as defendants in the trial court because they were beneficiaries under the 1989 will.

**2.** All statutory references are to the Revised Statutes of Missouri, 1994.

raised by their petition. On January 28, 1997, the jury entered its verdict that the 1995 document was not the decedent's last will and testament. However, the jury was not instructed and made no finding regarding the 1989 will. The trial court entered its order in accordance with the jury's verdict invalidating the 1995 document but entered no finding regarding the 1989 will. Subsequently, on February 6, 1997, the Stroups filed a motion pursuant to Rule 75 requesting that the trial court amend its judgment to admit the 1989 will into probate. In response, the Leipards contended that the trial court was without authority to amend its judgment because the Stroups failed to submit jury instructions or a verdict form concerning the validity of the 1989 will, so the jury did not determine the 1989 will to be the decedent's last will and testament.

In its order granting the Stroups' motion to amend its judgment, the trial court determined that it was appropriate to admit the 1989 instrument into probate as the decedent's last will and testament. The trial court noted that the Leipards admitted in their answer to the Stroups' petition that decedent "was completely competent, of majority age, and of sound mind in 1989...." The trial court also noted that the Leipards filed no counterclaim alleging the invalidity of the 1989 will and did not object to its admission into evidence. Because the 1989 will was executed as a self-proving will pursuant to § 474.337, the trial court determined that a presumption of due execution existed, thus making the 1989 will valid. Furthermore, the trial court ruled that the Leipards failed to establish evidence of any affirmative defenses which would have required invalidation of the 1989 will. Therefore, the trial court amended its judgment to admit the 1989 will into probate. The Leipards appeal from this order.

### Standard of Review

■ Under Rule 75.01, the trial court retains inherent power during the thirty-day period after entry of its judgment to amend the judgment upon a finding of good cause. *Love v. Park Lane Medical Center*, 737 S.W.2d 720, 723 (Mo. banc 1987). Although good cause "eludes a precise definition," it refers to a remedial purpose. *In re Marriage of Bennett*, 938 S.W.2d 952, 957 (Mo. App.1997). Under Rule 75.01, good cause is interpreted liberally in order to avoid manifest injustice. *Brueggemann v. Elbert*, 948 S.W.2d 212, 213 (Mo.App.1997). On appeal from a trial court's order amending a judgment under Rule 75.01, this court is limited to a determination of whether the trial court had good cause within the meaning of the rule to amend its judgment. *Major v. Frontenac Industries, Inc.*, 899 S.W.2d 895, 897 (Mo.App.1995). The trial court is vested with considerable discretion in ruling on a motion to amend a judgment and this court will not reverse that decision absent an abuse of discretion. *Bennett*, 938 S.W.2d at 957.

### Point on Appeal

As their only point on appeal, the Leipards contend that the trial court erred by amending its judgment to admit the 1989 will into probate because "Missouri law clearly holds that a will previously rejected from probate must be established as the will of a decedent by verdict of the jury where a jury trial has been requested...." The Leipards argue that the Stroups' failure to submit jury instructions and a verdict form regarding the 1989 will constitutes abandonment of their claim to establish that will as decedent's will. The Leipards also contend that the self-proving certificate does not establish the instrument as the decedent's will. Finally, the Leipards contend that the trial court erred in relying on the fact that they failed to object to the validity of the 1989 will because they were unable to contest the validity of a will which had not been admitted to probate.

■ "The right to contest a will did not exist at common law; it is a purely statutory right and can only be exercised in strict compliance with the statutory provisions relating to will contests." *Brents v. Wachel*, 849 S.W.2d 68, 70 (Mo.App.1993). When interpreting the statutory provisions governing will contests, this court must ascertain the legislative intent from the plain and ordinary meaning of the language used in the statute. *Id.* at 69–70. Section 473.083 governs will contests. Under § 473.083.7, "[i]f a timely

petition is filed, it and the answer or answers thereto shall frame the issues of intestacy or testacy or which writing or writings constitute the decedent's will...."

Here, the Stroups' petition alleged that the decedent's 1989 will was his last will and testament. They alleged that the decedent signed this document when he was of sound and disposing mind and memory and that the will was attested to by at least two competent witnesses who signed their names to the document in the decedent's presence and at his request. Furthermore, the Stroups contested the validity of the 1995 will based on two theories. First, they claimed that the decedent did not possess testamentary capacity at the time he signed this document, referring to evidence that his mental faculties had severely eroded by 1995. In addition, the Stroups claimed that the decedent signed the 1995 will as a result of the undue influence and fraud of the Leipards.

In response, the Leipards admitted that the decedent signed the 1989 will and he was completely competent, of majority age, and of sound mind at that time. They stated that they were without sufficient information to form a belief as to whether the decedent was under constraint, undue influence, or was acting of his own free will when he executed the 1989 will, so they denied that he signed the will as his free act and deed. The Leipards contended that the 1989 will was not the decedent's last will and testament, however, because of the existence of the 1995 will, which revoked all previous wills and codicils. The Leipards also denied that the decedent was under undue influence or did not possess testamentary capacity at the time he signed the 1995 will.

 Under § 473.083.7, the Stroups' petition along with the Leipards' answer framed the issues to be decided by the jury. By their answer, the Leipards admitted that there were no issues regarding due execution or the decedent's testamentary capacity regarding the 1989 will. When a party admits in an answer that an allegation in a petition is true, it is deemed to be a judicial admission and the admitted fact is deemed true. *In re Marriage of Maupin,* 829 S.W.2d 125, 127 (Mo.App.1992). *See also Ferrier–Har-*

*ris, Ltd. v. Sanders,* 905 S.W.2d 123, 125 (Mo.App.1995). "A judicial admission 'waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true.'" *Maupin,* 829 S.W.2d at 127 (quoting *Hewitt v. Masters,* 406 S.W.2d 60, 64 (Mo.1966)).

 Furthermore, while § 473.083.7 states that the issues framed by the petition and answer are to be decided by the jury, "[o]nly issues of fact which are genuinely in dispute need to be submitted to the jury." *See Miller v. Gillespie,* 853 S.W.2d 342, 345 (Mo.App.1993).

> In a will contest the proponent has the burden of establishing (1) a prima facie case as to due execution, and (2) a prima facie case as to testamentary capacity. Once the proponent has done so, the contestant, to make a case for a jury on the issue of due execution, is required to adduce some substantial evidence that the will was not properly executed, and to make a case for a jury on the issue of testamentary capacity the contestant is required to adduce some substantial evidence that the testator did not have the mental capacity to make a will. Where the proponent makes a prima facie case of due execution and a prima facie case of testamentary capacity, and the contestant fails to adduce substantial contradictory evidence on either issue, such issues should not be submitted to the jury....

*Rhoades v. Chambers,* 759 S.W.2d 398, 402 (Mo.App.1988) (citations omitted).

 The Leipards' blanket assertion that Missouri law requires a jury verdict to establish a previously rejected will as the will of the decedent is not supported by the plain language of § 473.083.7. Notably, the statute does not require the jury to establish all wills, but only requires the jury to decide the issues framed by the petition and answer. Section 473.083.7. Since there was no issue of fact regarding the validity of the 1989 will, the jury was not required to render a decision concerning it.

Having decided that the jury was not required to establish the 1989 will as the will of the decedent, this court must now consider

whether the undisputed evidence before the trial court warranted the amendment of the court's judgment and admission of the 1989 will to probate. Essentially, we must determine whether the uncontested evidence satisfied the Stroups' burden of proof as the proponent of the 1989 will.

■ In order to satisfy the statutory requirements, the will must be in writing, "signed by the testator, or by some person, by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator." Section 474.320. *See also Lopiccolo v. Semar*, 890 S.W.2d 754, 759 (Mo.App.1995). With regard to this issue of due execution, the Stroups stated in their petition that the 1989 will was signed by the decedent and was attested by two competent witnesses who signed their names to the document in the decedent's presence. As the trial court noted, however, the Stroups failed to offer formal proof of the due execution of the 1989 will by producing both attesting witnesses to the will. Regardless, the trial court held that the 1989 will was admissible into probate because it was self-proving. This court agrees.

Under § 474.337, which is based upon § 2–504 of the Uniform Probate Code, a written will may be made self-proving at the time of its execution by attaching a sealed certificate concerning the due execution of the will. It is not clear in Missouri whether a self-proved will establishes a prima facie case for due execution and also a prima facie case for testamentary capacity. *See Hugenel v. Estate of Keller*, 867 S.W.2d 298, 305 (Mo.App. 1993). However, our courts have resorted to the Commissioners' Comments accompanying the Uniform Probate Code when interpreting statutes based on that code. *See Silvey v. Rosenauer*, 814 S.W.2d 680, 682 (Mo.App.1991). An analysis of the statute and the provisions of the Uniform Probate Code and Comments upon which it was based convinces this court that the self-prov-

ing certificate creates a prima facie case of due execution of the will.

Section 474.337 is based upon § 2–504 of the Uniform Probate Code which authorizes self-proved wills. *Hugenel*, 867 S.W.2d at 305. The Commissioner's Comment to § 2–504 states as follows:

A self-proved will may be admitted to probate as provided in Sections 3–303, 3–405, and 3–406 without the testimony of any subscribing witness, but otherwise it is treated no differently from a will not self proved. Thus, a self-proved will may be contested (except in regard to signature requirements),[3] revoked, or amended by a codicil in exactly the same fashion as a will not self proved. The procedural advantage of a self-proved will is limited to formal testacy proceedings because Section 3–303, which deals with informal probate, dispenses with the necessity of testimony of witnesses even though the instrument is not self-proved under this section.

Formal testacy proceedings, such as the will contest at hand, are covered by Uniform Probate Code § 3–406, so the official comment to § 2–504 contemplated that self-proved wills could be admitted to probate in a will contest proceeding without the need for the testimony of any subscribing witnesses.

The language of § 473.065.1 supports the opinion in the comment to § 2–504 of the Uniform Probate Code. Section 473.065.1 provides that "[a] will which appears to have the required signatures and a certificate as provided in section 474.337, RSMo, showing that the requirements of execution under § 474.320, RSMo, have been met, shall be probated without further proof." Subsection 2 of § 473.065 then provides that the will contest procedures for self-proved wills are as provided by § 473.083, the statute governing will contests in general. If the legislature intended to prohibit the use of self-

**3.** The language of the Commissioner's Comment to § 2–504 indicating that a self-proved will cannot be contested with regard to the signature requirements is based on the Uniform Probate Code § 3–406 which provides that "[i]f the will is self-proved, compliance with signature require-

ments for execution is conclusively presumed...." Missouri has not adopted a statute comparable to § 3–406 creating a statutory *conclusive* presumption that the signature requirements have been met when a will is self-proved.

proving wills in will contest proceedings, it could easily have done so. But, it did not. The plain and ordinary meaning of the language of § 473.065 permits the admission of a self-proved will to probate without the necessity of further proof without limitation.

■ In light of Missouri's self-proving will statute, which is largely based on the Uniform Probate Code, this court finds that the self-proving nature of the 1989 will established a prima facie case that the 1989 will was duly executed. The Leipards failed to introduce any proof of a lack of compliance with the statutory formalities.

It is not necessary to consider whether the self-proved will established a prima facie case of testamentary capacity. The Stroups stated in their petition that the decedent signed the 1989 will when he was of sound and disposing mind and memory and that he was competent at the time. The Leipards specifically admitted in their answer that the decedent was "completely competent" at the time he executed the 1989 will. As a result of these admissions, the Stroups satisfied their burden of establishing a prima facie case as to the decedent's testamentary capacity.

Furthermore, the Leipards failed to introduce any evidence challenging the validity of the 1989 will after the Stroups made their prima facie case. "The one opposing the will must establish the affirmative defenses necessary to show invalidity of the will, i.e., undue influence, fraud, mistake, insane delusion, or revocation." 5 FRANCIS M. HANNA & JOHN A. BORRON, JR., MISSOURI PRACTICE, PROBATE LAW AND PRACTICE § 292 at 332 (2d ed.1988). In their answer to the Stroups' petition, the Leipards admitted that they had no information that the decedent was acting under constraint, undue influence, or any other impairment at the time he executed the 1989 will. Therefore, the Leipards failed to satisfy their burden of rebutting the Stroups' prima facie case concerning the due execution or the decedent's testamentary capacity when he executed the 1989 will.

■ The Leipards contend that they were not required to raise any issues concerning the 1989 will because that would be tantamount to contesting the will and, until a will is admitted into probate, a party may not contest it. The Leipards cite *Canty v. Lehmkuhl,* 164 S.W.2d 132, 134 (Mo.App. 1942) for the proposition that, in Missouri, "until admitted to probate, a will cannot be made the subject of contest. . . ." Since the 1989 will was never admitted to probate, the Leipards argue that they were not required to contest it and they should not be deemed to have admitted the validity of the 1989 will. The Leipards' quote from *Canty* is taken out of context. In that case, the court was not determining that will contests were limited to wills admitted to probate. Instead, in making the above-quoted statement, the court was finding the contestant of a will had impliedly admitted the regularity of the proceedings whereby the will was admitted to probate. *Id.* Furthermore, the Leipards' interpretation of *Canty* is contrary to the plain and ordinary language of § 473.083.1 which states that a will contest action may "[contest] the validity of a probated will, or [pray] to have a will probated which has been rejected by the probate division of the circuit court." Here, the Stroups contested the validity of the 1995 will and proposed for probate the previously rejected 1989 will in the same proceeding. "The opponent may choose to challenge the validity of the purported will and also attempt to establish another will in its place" in a will contest proceeding. *Kinder v. Brune,* 754 S.W.2d 946, 948 (Mo.App.1988). Therefore, it was permissible for the Stroups to combine both their actions in this one proceeding. *Id. See also Wright v. Kenney,* 746 S.W.2d 626, 627 (Mo.App.1988). Since a request to probate a previously rejected will is a proper subject of a will contest, and the Stroups requested the probate of the 1989 will in their petition, the Leipards were required to raise any defenses to the proposed probate of the 1989 will. They failed to do so. As a result, the Stroups' prima facie case established the validity of the 1989 will as a matter of law.

Because there was no issue of fact regarding the validity of the 1989 will and the Stroups satisfied their burden of proof with regard to that instrument, the trial court had good cause to amend its judgment under Rule 75.01 to admit the 1989 will to probate and did not abuse its discretion in doing so.

The Stroups assert in their brief that the Leipards' appeal is frivolous and that the Leipards should be ordered to pay monetary damages. This court finds that the issues raised in the Leipards' appeal are not frivolous and denies the Stroups' motion.

The judgment of the trial court is affirmed.

All concur.