**AMERICAN EXPRESS TRAVEL RELATED SERVICES, Appellant,**

v.

**Dannie MACE, Sr., Respondent.**

No. 23401.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 15, 2000.

Gary R. Underwood, Jeanine R. Armstrong, St. Louis, for appellant.

No appearance for respondent.

ROBERT S. BARNEY, Chief Judge.

American Express Travel Related Services ("Appellant") appeals the denial of its motion to set aside a judgment of the associate division of the Circuit Court of Phelps County.[1] Appellant requested, under Rule 74.06, Missouri Court Rules (1999), that the consent judgment entered in its favor against Dannie Mace, Sr. ("Respondent"), be set aside. Appellant asserted that, "due to clerical error, mistake, or excusable neglect," the judgment failed to include an award of $1111.42 for attorney fees.[2] The trial court denied Appellant's motion and Appellant appeals, raising three points of trial court error.

■ In its first two points, Appellant contends that the trial court abused its discretion: (a) by failing to set aside the consent judgment and/or set the matter for trial under Rule 75.01, because Appellant's attorney inadvertently omitted the award of attorney fees;[3] and (b) in demonstrating a personal bias and prejudice against Appellant and not recognizing an agreement between Appellant and Respondent to enter into a new consent judgment including attorney fees.

In its third point, Appellant asserts that the trial court abused its discretion when it denied Appellant's motion to set aside the consent judgment and/or set the matter for trial, because "the discretion not to set aside a judgment is narrower than the discretion to set aside a judgment."

Points One and Two are interrelated and will be reviewed conjunctively. Point Three, on the other hand, violates Rules 84.04(d)(1)(C), Missouri Court Rules (2000), and 84.04(d)(4), Missouri Court Rules (2000), and will not be reviewed. *See* Rule 84.13(a), Missouri Court Rules (2000); *Murphy v. Shur,* 6 S.W.3d 207, 209 (Mo.App.1999).

In addressing Appellant's first two points, we observe that the record contains no transcript of post-trial proceedings. Appellant attempts to remedy this shortcoming by appending an affidavit to its appellate brief. In the affidavit, the affiant—an attorney who represented Appellant in the case below—asserted that she appeared in the Phelps County court for a "motion hearing"; that at some point the Respondent told her that he knew he was

---

1. As more fully set out below, the petition prayed for an amount in excess of $5,000.00

2. Rule references are to Missouri Court Rules (1999), unless otherwise noted.

3. We observe that Appellant originally moved to set aside the judgment on the basis of Rule 74.06, but now argues that the trial court abused its discretion by not exercising its powers under Rule 75.01. Appellant sought to set aside the consent judgment within 30 days of its rendition by the trial court and evidently has now recognized that Rule 74.06(b) only provides for relief from *final* judgments, *Brueggemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App.1997), whereas

Rule 75.01 "provides the least stringent standard for setting aside a judgment because it inheres while the trial court retains jurisdiction of the case." *See id.*

"Under Rule 75.01, the trial court retains inherent power during the thirty-day period after entry of its judgment to amend the judgment upon a finding of good cause." *Stroup v. Leipard,* 981 S.W.2d 600, 603 (Mo.App. 1998). Although the phrase good cause "eludes a precise definition," it refers to a remedial purpose and is interpreted liberally so as to avoid manifest injustice. *Id.* "The trial court is vested with considerable discretion in ruling on a motion to amend a judgment and this court will not reverse that decision absent an abuse of discretion." *Id.*

responsible for Appellant's attorney fees; and, moreover, that Respondent stated he would enter into a new consent judgment including the attorney fees.

The affiant further averred that during the proceedings the trial judge stood in the witness box while addressing the parties; questioned the amount awarded Appellant in the original consent judgment; and related that he didn't "know what kind of strong-arm tactics [Appellant's law firm] uses . . . to twist [Respondent's] arm," but he didn't like it. According to the affiant, the judge stated that he only signed the Consent Judgment because Respondent agreed, and otherwise would not have ruled in favor of Appellant. Lastly, the affiant averred that "[t]he Judge was completely ignoring [Respondent]. By this time, the [Respondent] was not admitting anything further."

■ Here, Appellant is attempting to bolster its points of error by engendering submissible evidence through its post-trial affidavit. However, in our appellate review we may not consider the proffered affidavit. "Rule 81.12(a) provides that the record on appeal 'shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented. . . .'" *Environmental Quality Research, Inc. v. Mercantile Trust Nat'l Assoc.*, 854 S.W.2d 500, 501 (Mo.App. 1993). "'The responsibility to provide a meaningful transcript for review devolves upon appellant and the court of appeals cannot consider matters not preserved on the record and contained in an approved transcript.'" *Kuiper v. Busch Entm't Corp.*, 845 S.W.2d 697, 699 (Mo.App.1993) (quoting *Volvo Fin. N. Am. v. Raja*, 754 S.W.2d 955, 957 (Mo.App.1988)); see also *Johnston v. Johnston*, 573 S.W.2d 406, 410–11 (Mo.App.1978).

■ The affidavit of Appellant's attorney submitted for the first time on appeal is "not properly part of the record and cannot be considered by us as supplying the necessary elements of proof." *In Re Estate of McCahon*, 729 S.W.2d 67, 70 (Mo.App.1987); see also Rule 84.04(h). "This court cannot go beyond the record and any reference which is outside the record is to be strongly discouraged." *Couch v. Director, Mo. State Div. of Family Servs.*, 795 S.W.2d 91, 94 (Mo.App.1990).

The only pertinent evidence found in the record, although of little or no assistance to Appellant, is: 1) a docket sheet notation revealing that Respondent initially consented to judgment being taken against him in the case; and 2) a "Civil Action Judgment" sheet found in the legal file and signed by both the trial judge and Respondent which sets out, in pertinent part:

Judgment in favor of [Appellant] and against [Respondent] for damages as follows:

$7,409.46 principal, plus $924.71 interest, for a total of $8,334.17, which shall bear interest at the rate of 21.9% plus *Attorney's fees in the amount of $.00,* for a total Judgment of $8,334.17 with interest to continue until paid in full.

(Emphasis added). The inclusion of a section for "Attorney's fees" in the "Civil Action Judgment" implies that attorney fees were considered and determined to be "$.00[.]"

■ While Appellant contends in its brief that the attorney fees were "$.00" due to a clerical error made at the time the consent judgment was rendered, and that Respondent agreed to enter into a new consent judgment including the $1111.42 of attorney fees, we can find no probative evidence in the record to support these claims.[4]

---

4. We note that:
    a respondent, unlike an appellant, is not required to file a brief and has no burden on appeal, and as such, may rely on the presumption that the trial court's judgment is correct and is not required to raise any issues with the appellate court in order for it to affirm the trial court's action.
*Endsley v. Director of Revenue,* 6 S.W.3d 153, 166 (Mo.App.1999).

As Appellant's recitals in its brief are "unsupported by the record and are not evidence," they are insufficient to supply essential matters for review. *Brancato v. Wholesale Tool Co.*, 950 S.W.2d 551, 555 (Mo.App.1997). As a result, we cannot say that the trial court abused its discretion in denying Appellant's motion to set aside the judgment. *See Stroup*, 981 S.W.2d at 603. Points One and Two are denied.

The judgment of the trial court denying the motion to set aside the judgment is affirmed.

PREWITT, J., concurs.

GARRISON, J., concurs.