Joseph BRUNIG, Plaintiff/Respondent,

v.

Harvey HUMBURG, et at.,
Defendants/Appellants.

No. 70956.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 1997.

Application for Transfer Denied
Jan. 27, 1998.

Walter McQuie, Jr., Dennis Schafer, Montgomery, for defendants/appellants.

Stuart Oelbaum, Christine Gilsinan, St. Louis, for plaintiff/respondent.

CRANDALL, Judge.

Plaintiff, Joseph Brunig, brought a will contest action to have the earlier of two competing wills, one executed in 1985 and one in 1992, to be declared the last will and testament of Atlanta Brunig (testatrix). Defendants, Harvey Humburg et al., appeal from the judgment of the trial court, entered pursuant to jury verdicts, determining that the 1992 will of testatrix was not her last will and testament but that a third will executed in 1991 was her last will and testament. We affirm in part and reverse and remand in part.

The evidence, viewed in the light most favorable to the verdicts, established that in 1985, an attorney, John Berkemeyer, drafted reciprocal wills for testatrix and her husband, Anthony Brunig. After making specific bequests of $2,000.00 each to various individuals, the wills left the residuary estate in equal shares to Joseph Brunig (hereinafter "Brunig"), who was Anthony's son whom testatrix had raised from the time he was five years of age, and Brunig's wife and children.

In 1990, testatrix and Anthony, who were both in their nineties, were unable to live on their own and moved into the home of testatrix's nephew and his wife, Harvey and Selma Humburg.

In February 1991, Berkemeyer again drafted reciprocal wills for testatrix and Anthony, which left specific bequests of $2,000.00 each to various individuals and the residuary estate one-half to Brunig and his wife or the survivor thereof, per stirpes and one-half to the Humburgs, or the survivor thereof, per stirpes. Selma Humburg saw the testatrix cut up the 1985 wills with her scissors and then Selma Humburg burned the pieces.

Anthony died in September 1992. There was no need to open an estate when he died because all the marital property was held jointly by him and testatrix.

In September 1992, Berkemeyer drafted a third will for testatrix. In that will she left specific bequests of $2,000.00 each to various individuals including Brunig and the residue of the estate to the Humburgs or the survivor thereof, per stirpes. At the time the will was drafted, testatrix was 96 years of age. Berkemeyer instructed the testatrix to destroy the 1991 will. No one saw testatrix destroy the 1991 will, but it was last seen in her possession in a safe in her room at the Humburgs' house.

After the death of the testatrix, the 1992 will was admitted to probate and the Humburgs were appointed personal representatives of the estate. Brunig applied to have a copy of the 1985 will admitted to probate but the probate division of the circuit court (hereinafter probate division) rejected it. Berkemeyer, as counsel for the estate, submitted a response to the application of the 1985 will and provided the probate division with a copy of the 1991 will. He stated that the 1985 and 1991 wills had been revoked by the subsequent wills thereto; but in light of the fact that Brunig was attempting to have a will prior to the 1992 will admitted to probate, "then all intervening wills must necessarily be considered by the Court as well."

The probate division made no order accepting or rejecting the 1991 will.

Brunig brought the present will contest action seeking to set aside the 1992 will and to have the 1985 will declared to be the last will and testament of the testatrix on the grounds of mental incapacity and undue influence. Brunig's petition made no mention of the 1991 will. At trial, the Humburgs[1] offered the 1991 will into evidence for the sole purpose of showing that the 1985 will had been revoked.

The trial court submitted the 1991 will to the jury as an alternate will of the testatrix. The instructions required the jury to determine which of the 1985, 1991, and 1992 wills was the last will and testament of the testatrix. The instruction submitting the 1992 will to the jury read as follows:

### INSTRUCTION 6

Your verdict must be that the document dated September 24, 1992 in issue is the last will and testament of [testatrix] if you believe:

First, the document was signed by [testatrix] and declared by her to be her last will and testament, and

Second, that at the time of signing, [testatrix] was of sound and disposing mind and memory, and

Third, that the document was attested by at least two competent witnesses, signing their names to the document in her presence and at her request, unless you believe the document dated September 24, 1992 is not the last will and testament of [testatrix] by reason of Instruction 7 [undue influence instruction].

The instruction submitting the 1991 will to the jury directed the jury, if they found that the 1992 will was not the will of the testatrix, to consider whether the 1991 will was the last will and testament if the jury believed that the will met the three requirements set forth in the instruction quoted above. The instruc-

tion submitting the 1985 will to the jury directed the jury, if they found that the 1991 will was not the will of the testatrix, to consider whether the 1985 will was the last will and testament if the jury believed that the will met the three requirements set forth in the instruction quoted above.

The jury found that the 1992 will was not the valid will of the testatrix because of the undue influence of the Humburgs,[2] and that the 1991 will was her last will and testament. The jury made no finding whatsoever with regard to the 1985 will. The Humburgs appeal.

In their first point, the Humburgs contend the trial court erred in submitting the 1991 will to the jury as an alternative will of testatrix because it was without jurisdiction to do so.

■ An action to contest a will is a proceeding in rem, its sole purpose being to determine whether a certain instrument is or is not the will of a decedent. *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441, 445 (Mo.App.1981). An action to contest a will is a remedy which exists solely by reason of statute, in derogation of the common law; and the limits of the statute prescribe the court's jurisdiction. *Lambert v. Crone*, 621 S.W.2d 59, 61 (Mo.App.1981).

■ Before proof can be taken of any will it must have been presented for probate to the probate division. Section 473.050, RSMo (1994). To present a will, one must file it with an accompanying application or petition asking the probate division to probate or to reject the will. *Lopiccolo v. Semar*, 890 S.W.2d 754, 757 (Mo.App. E.D.1995). Further, the period of time within which an action to contest a will or to establish a rejected will may be brought is based upon the time within which the probate division orders probate or rejection of the will. Section 473.083, RSMo (1994). "The action of the probate division is a condition precedent

---

1. Although there were other defendants, we refer to all defendants collectively as "the Humburgs" throughout the remainder of this opinion.

2. The Humburgs do not challenge the jury's determination that the 1992 will was invalid on the

basis of undue influence and thus have waived any claim of error related thereto. Issues not raised on appeal are considered waived. Rule 84.13.

to the bringing of a suit to set aside a will or to establish a will that has been rejected." *Gillman,* 629 S.W.2d at 446.

■ Here, no application was ever filed with the probate division seeking probate of the 1991 will and there had been no rejection of the 1991 will by the probate division. The 1991 will was filed with the probate division by the attorney for the estate, but he did not seek any action on the will. Thus, the probate division never acquired jurisdiction over the 1991 will and it was error for the trial court to submit it to the jury as an alternate will of the testatrix.

■ Brunig argues the Humburgs failed to preserve any issue with regard to the 1991 will because they did not make specific objections to the instruction submitting the 1991 will to the jury and did not raise any allegation of error regarding the submission of the 1991 will in their post-trial motion. We disagree. Acceptance or rejection of the 1991 will was a prerequisite to the trial court's acquiring subject matter jurisdiction over that will. Subject matter jurisdiction may not be waived by a defendant's failure to object and any action taken by the court lacking subject matter jurisdiction is null and void. *Fitzgibbons v. Director of Revenue, State of Missouri,* 891 S.W.2d 566, 568 (Mo. App. E.D.1995). Furthermore, the issue of the lack of subject matter jurisdiction may be raised at any time during the proceeding, even for the first time on appeal. *Groh v. Groh,* 910 S.W.2d 747, 749 (Mo.App. W.D. 1995). The Humburgs' first point is granted.

■ We next consider the Humburgs' third point in which they assert that Brunig did not have standing to contest the 1992 will. "An heir, devisee, trustee or trust beneficiary under another purported will of the same decedent ... is interested in the probate of a will for purposes of this section." Section 473.083(1), RSMo (1994). "A person who contests a will must either gain or lose

under the contested will." *Lopiccolo,* 890 S.W.2d at 758. Brunig was a devisee under the 1985 will, and lost under the 1992 will but gained under the 1985 will. Brunig had standing to contest the 1992 will. Point denied.

■ Returning to the Humburgs' second point, they claim that the trial court erred in submitting the 1985 will to the jury. They argue that the 1985 will was revoked either by the 1991 will or by destruction by the testatrix with the intent to revoke. They also contend the 1985 will was not formally proven.

As to the contention that the 1985 will was not proven, the Humburgs did not object to the submission of the 1985 will to the jury on that ground; but merely stated with regard to all the instructions, "We want to reserve the right to object to the instructions given and refused." Further, the Humburgs did not raise any allegation of error pertaining to the failure to prove the 1985 will in their post-trial motion. The issue is not preserved for our review.

■ As to the Humburgs' revocation argument, there was evidence before the jury that the 1985 will was revoked. The 1991 will was admitted at trial for the sole purpose of proving that it revoked the 1985 will. In a will contest action, a second will may be used to show a revocation of the first will, on the basis that "if a second will specifically revokes the first, ... that revocation becomes full and complete at the time of the proper execution of the second will whether the second will is ever probated or not." *Rice v. Rice,* 239 Mo.App. 739, 197 S.W.2d 994, 996 (1946).[3] There was also testimony from Selma Humburg that she saw testatrix destroy the 1985 will after the testatrix executed the 1991 will.

Although there was evidence from which the jury could have found that testatrix revoked the 1985 will, it was for the jury to

**3.** One resisting probate of a will on the ground that the will was revoked by a subsequent will must prove the subsequent will, its contents, due execution, attestation, and that the testator was of sound mind at the time of executing the subsequent instrument. *Yates v. Jeans,* 345 S.W.2d 657, 661 (Mo.App.1961). Although there may be

some question as to whether the Humburgs proved the copy of the 1991 will and as to whether the copy of the 1991 will was self-proving, Brunig did not object to the admission of the will into evidence and thus preserved nothing for our review. *See* Rule 84.13.

decide. The trial court did not submit to the jury the issue of the revocation of the 1985 will either by the 1991 will or by destruction. Because it was never established that the 1985 will was revoked, the issue of the revocation of the 1985 will remains unresolved.

Furthermore, the instruction regarding the 1985 will directed the jury to determine if the 1985 will was the last will and testament of the testatrix only if the jury found the 1991 will invalid. Although the jury found the 1991 will valid, that will was improperly before the jury. Thus, the jury never considered whether the 1985 will was valid. We therefore remand to permit the jury to consider whether the 1985 will was revoked by the 1991 will or by destruction and whether the 1985 will is the last will and testament of the testatrix.

The judgment is affirmed as to the 1992 will. The judgment is reversed as to the 1991 will and the cause is remanded for proceedings not inconsistent with this opinion.[4]

AHRENS, P.J., and KAROHL, J., concur.

---

4. The Humburgs' motion to dismiss the appeal is    denied.