

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

LYLE QUICK, ET AL.,                    )
                                       )
          Respondents,                 )
                                       )
vs.                                    )         WD79176
                                       )
FRANKLIN ANDERSON, ET AL.,             )         Opinion filed:  August 23, 2016
                                       )
          Appellants.                  )

**APPEAL FROM THE CIRCUIT COURT OF JOHNSON COUNTY, MISSOURI**
**THE HONORABLE ROBERT M. LISTON, JUDGE**

Before Division Three:  Victor C. Howard, Presiding Judge,
Lisa White Hardwick, Judge and Gary D. Witt, Judge

This appeal arises from the summary judgment in a will contest declaring that the decedent, Bertha Don Carlos, died intestate.  The judgment is affirmed.

The decedent and her husband, Franklin Don Carlos, had one child, an adopted daughter, Respondent Sheryl Firuccia.  They also had a large extended family, who were parties in the underlying will contest.  They are Donald Atkinson, a nephew, and his three sons, Russell Atkinson, Daniel Atkinson, and Bobby Atkinson (collectively "the Atkinson Appellants"); Lyle Quick, a nephew, Glen Riffle, a nephew, and Lena Zvacek, a niece (collectively "the Quick Respondents"); Donald Riffle, a nephew, and Rosella Keck, a niece; and Mary Ella Anderson,

Mr. Don Carlos's sister, and her children, Richard Anderson and Debbie Anderson Kvasnicka (collectively "the Andersons").

Mr. Don Carlos predeceased Mrs. Don Carlos. Mrs. Don Carlos died at the age of 90 on September 8, 2009, and left an estate with a value of more than $1 million. On March 24, 2010, the probate division issued letters of administration of the decedent's estate to the public administrator to administer the estate as an intestate estate; on March 31, 2010, the first publication of notice granting letters on the estate occurred. On August 20, 2010, a purported last will and testament of Mrs. Don Carlos dated August 30, 2007, was presented for probate in the probate division, and the probate division admitted the document for probate. A week later, on August 27, 2010, a purported last will and testament of Mrs. Don Carlos dated June 17, 1991, was presented for probate in the probate division, however, the probate division rejected the instrument on August 31, 2010, because the August 2007 instrument had previously been admitted to probate.

On September 3, 2010, a petition to admit a lost or destroyed purported last will and testament of Mrs. Don Carlos dated February 12, 2007, was filed in the probate court. The petition requested that the February 2007 will be admitted to probate and that the August 2007 will be revoked. Then on September 24, 2010, a petition to admit a lost or destroyed purported last will and testament of the decedent executed in 2003 was filed in the probate court. The petition requested the admission of the 2003 will to probate should the court determine that the August 2007 be revoked. The probate court entered orders designating the proceedings on the purported February 2007 and 2003 wills as adversary probate proceedings within the meaning of section 472.140. The probate court did not accept or reject the purported February 2007 or 2003 wills at this time.

2

All four of the purported wills disinherited Respondent Firuccia and her heirs and devised the decedent's property to various extended family members described above and others.

On February 24, 2011, the Quick Respondents filed their first amended petition under section 473.083 to contest the purported August 2007 will admitted for probate. They alleged that Respondent Firuccia was not the decedent's daughter and that the August 2007 will was invalid because the decedent was not of sound mind and signed it due to the Atkinson Appellants' undue influence. They requested that the trial court declare that the August 2007 document was not the last will and testament of the decedent and was void and that the decedent died intestate. The same month, Respondent Firuccia also filed a petition under section 473.083 to contest the purported August 2007 will. She too alleged that the purported will was invalid due to lack of mental capacity and undue influence and requested the will be declared void and the decedent to have died intestate.

The Atkinson Appellants and the Andersons each filed answers to the Quick Respondents' petition and Respondent Firuccia's petition denying the invalidity of the August 2007 will. In addition, the Andersons filed a counterclaim/cross-claim praying that should the trial court find the August 2007 will invalid, it should admit the 1991 will and order that distributions from the decedent's estate be governed by it or, alternatively, admit the 2003 will and order that distributions be governed by it. The Atkinson Appellants answered the Andersons' counterclaim/cross-claim admitting all of the allegations of the claim and praying that the court enter all appropriate relief. The two will contests were consolidated.

On January 11, 2012, on Respondent Firuccia's unopposed motion, the trial court granted partial summary judgment finding that Respondent Firuccia is the sole intestate heir of the decedent and dismissing all parties not named in any of the purported wills.

3

On May 3, 2013, Respondent Firuccia moved for summary judgment on the Andersons' counterclaim/cross-claim contesting the rejection of the June 1991 will. She argued that the claim was untimely under section 473.083.1 because an action to contest a will must be filed within six months of the rejection of the will, the 1991 will was rejected on August 31, 2010, six months from which would have been February 28, 2011, and the Andersons' claim was not filed until March 23, 2011.

The Andersons opposed the motion arguing that their counterclaim/cross-claim was timely because it was a defense or setoff to the Quick Respondents' claim of intestacy, which was timely filed within six months of the will's rejection.

On September 3, 2013, the trial court entered partial summary judgment against the Andersons on their counterclaim/cross-claim contesting the rejection of the 1991 will finding that the claim was untimely under section 473.083.1. The trial court found that "there is no legal benefit to delaying finality of the judgment." Thereafter, the Andersons filed a notice of appeal to this court but eventually voluntarily dismissed the appeal.

At a hearing in September 2014, the parties stipulated that the August 2007 document was not the last will and testament of the decedent. The trial court entered judgment decreeing, based on the parties stipulation, that the August 2007 document was not the last will and testament of the decedent.

In January 2015, Respondent Firuccia moved for summary judgment that Mrs. Don Carlos died intestate. She argued that, because the parties agreed that the August 2007 will was not the decedent's last will and testament, the trial court had ruled that the validity of the 1991 will could not be raised as an alternative to the August 2007 will, and no other purported wills had been timely presented and admitted to probate, there was no genuine dispute or material fact

4

and she was entitled to judgment as a matter of law that the decedent died intestate. The Atkinson Appellants opposed the motion arguing that because the issue of whether to accept or reject the purported 2003 will remained pending in the probate division, genuine issues of material fact existed and Respondent Firuccia was not entitled to judgment as a matter of law that the decedent died intestate.

In the meantime, in July 2015, the probate division entered amended orders designating the proceedings over the purported February 2007 will and the purported 2003 will as adversary probate proceedings. It also ordered those proceedings stayed pending the trial court's decision in the will contest.

The trial court entered a final summary judgment on October 15, 2015, in favor of Respondent Firuccia. It found that that the petitions and answers framed the issues in the will contest and placed before the court the validity of the purported August 2007 and June 1991 wills. It further found that the Atkinson Appellants did not place the validity of the purported lost or destroyed 2003 will before the court. It concluded that because the parties stipulated that the August 2007 will was not the decedent's last will and testament, the trial court previously ruled that the June 1991 will could not be raised as the last will and testament of the decedent, and there were no other purported wills before the court in this action, the decedent died intestate.

This appeal by the Atkinson Appellants followed.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commerical Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant was entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

5

**I.**

In their first point on appeal, the Atkinson Appellants contend that the trial court erred in entering partial summary judgment striking as untimely the counterclaim/cross claim that the purported 1991 will was valid. The Quick Respondents initially argue that the Atkinson Appellants cannot appeal the September 2013 partial summary judgment because it was a final judgment and the time limits to appeal it have passed. Specifically, they assert that the trial court certified the partial summary judgment as final for purposes of appeal under Rule 74.01(b) and that the Atkinson Appellants failed to file a timely notice of appeal in 2013.

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)(internal quotes and citation omitted). Other than statutorily recognized exceptions not applicable here, section 512.020 requires a final judgment as a prerequisite to appellate review. *Id.*

Generally, a judgment is final if it resolves all issues in the case leaving nothing for future determination. *Id.* An interlocutory order, in contrast, is not final and decides some point or matter between the commencement and end of the suit but does not resolve an entire controversy. *Id.* "Rule 74.01(b) promotes judicial economy by permitting interlocutory appeals in cases involving multiple claims or parties." *Id.* It authorizes a trial court to enter an appealable final judgment as to fewer than all claims or parties in the case but "only upon an express determination that there is no just reason for delay." Rule 74.01(b). *See also Buemi*, 359 S.W.3d at 20.

Under section 512.020(5),[1] an appellant is not, however, compelled to appeal an interlocutory judgment. *Padgett v. Smith*, 103 S.W. 943, 945 (Mo. 1907). *See also In re Estate*

---

[1] All statutory references are to the Revised Statutes of Missouri 2000 as updated by the 2013 Cumulative Supplement.

6

*of Givens*, 234 S.W.3d 519, 521 (Mo. App. E.D. 2007)(appeal from certain interlocutory orders not mandatory under appeals statute of probate code). The statute provides, "[A] failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." §512.020(5). The appellant has the option "to sit tight…await the final judgment, and bring the whole case [to the appellate court] for review." *Padgett*, 103 S.W. at 945. The unexercised right to appeal from an interlocutory judgment leaves the judgment interlocutory in character and within the supervision of the court until final judgment. *Id.* (citing *Aull v. Day*, 34 S.W. 578 (Mo. 1896) and *Ess v. Griffith*, 30 S.W. 343 (Mo. 1895)). But if an appeal is taken from such interlocutory judgment, and it is affirmed, the judgment becomes final and cannot be further reviewed either by the trial court or by the appellate court on a subsequent appeal from the final judgment. *Id.* ("But the situation changes when an appeal from such judgment is taken and the judgment is affirmed here. The judgment then, in effect, becomes the judgment of this court[.]").

In this case, the trial court entered partial summary judgment in September 2013 finding that the counterclaim/cross-claim contesting the rejection of the 1991 will was untimely under section 473.083.1. It also stated, "there is no legal benefit to delaying finality of the judgment." Assuming without deciding that such language designated the judgment as final under Rule 74.01(b), the Atkinson Appellants were not required to appeal from the interlocutory judgment. While the Andersons initially appealed the interlocutory judgment, they voluntarily dismissed the appeal, and the judgment was never affirmed on appeal. Instead, the partial summary judgment remained interlocutory in character until final judgment was entered in this case. The

7

Atkinson Appellants' failure to appeal the partial summary judgment in 2013 did not prejudice their right to have the action reviewed in this appeal from the final judgment.[2]

The Atkinson Appellants contend that the trial court erred in entering partial summary judgment striking as untimely the counterclaim/cross claim. They assert that the counterclaim/cross claim was timely even after the statute of limitations had run because the plaintiffs sought a declaration that the decedent died intestate and the counterclaim/cross claim in defense that the 1991 will was valid was a complete recoupment against the claim of intestacy. "When relevant facts are uncontested, the question of whether a statute of limitations bars an action can be decided by a court as a matter of law." *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 182 (Mo. banc 2014).

In Missouri, the right to contest a will's validity is created by statute. *Doran v. Wurth*, 475 S.W.2d 49, 50-51 (Mo. 1971); *Stroup v. Leipard*, 981 S.W.2d 600, 603 (Mo. App. W.D. 1998). It can only be exercised in strict compliance with and can be limited or taken away by statutory provision. *Id.* In interpreting the statutory provisions governing will contests, the court must ascertain the legislative intent from the plain and ordinary meaning of the language used. *Stroup*, 981 S.W.2d at 603.

Section 470.083 governs will contests. It reflects the public policy of this state that a will contest "shall be expeditiously prosecuted or not at all." *Cole v. Smith*, 370 S.W.2d 307, 309

---

[2] The Quick Respondents also very briefly contend that the Atkinson Appellants may not appeal the partial summary judgment because nothing in the record shows a position aggrieved by the partial summary judgment, specifically that they never filed pleadings in support of the 1991 will. A prerequisite to the right to appeal is that the party is "aggrieved" by the judgment. §512.020; *In re Knichel*, 347 S.W.3d 127, 130 (Mo. App. E.D. 2011). "A party is 'aggrieved' when the judgment operates prejudicially and directly on his personal or property rights or interest." *Knichel*, 347 S.W.3d at 130 (internal quotes and citation omitted). Contrary to the Quick Respondents' assertion, the Atkinson Appellants filed an answer to the Andersons' counterclaim/cross claim contesting the rejection of the 1991 will. They admitted all of the allegations of the claim and prayed that the court enter all appropriate relief. And as beneficiaries under the 1991 will, Donald and Daniel Atkinson were aggrieved by the partial summary judgment finding that the counterclaim was untimely.

(Mo. 1963). Subsection 1 of the statute provides the time limitations for contesting the validity of a will. *Kleim v. Sansone*, 248 S.W.3d 599, 600 (Mo. banc 2008). It provides, in pertinent part:

> Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding.

§ 473.083.1. The six-month time limitation is a "special statute of limitations." *Bosworth v. Sewell*, 918 S.W.2d 773, 776 (Mo. banc 1996). It is exclusive of and stricter than most statutes of limitations. *Id.* at 777.

The undisputed facts show that Mrs. Don Carlos died on September 8, 2009. The probate division issued letters of administration of her estate on March 24, 2010; and the first publication of notice granting letters on the estate occurred on March 31, 2010. The purported 1991 will was presented to the probate division on August 27, 2010; and the probate division rejected it on August 31, 2010. On March 23, 2011, the Andersons filed their counterclaim/cross claim seeking to probate the 1991 will. The counterclaim/cross claim was not filed within six months after the rejection of the 1991 will. Consequently, under section 473.083.1, the "rejection of the will is binding," and Respondent Firuccia was entitled to judgment as a matter of law.

Nevertheless, the Atkinson Appellants argue that the counterclaim/cross claim was saved (or tolled) because it was a recoupment against the will contest to the validity of the August 2007 will, which was timely filed. They cite the general rule that a set-off, counterclaim, cross action, or recoupment against which limitations have not run at the time of the filing of the original action is not barred although at the time of the filing thereof limitations have run. *Nw. Radiation*

9

*Oncology v. Goodstal*, 735 S.W.2d 762, 766 (Mo. App. E.D. 1987). "[R]ecoupment is a purely defensive matter growing out of the transaction constituting plaintiff's cause of action, and is available only to reduce or satisfy a plaintiff's claim and permits of no affirmative judgment." *Schroeder v. Prince Charles, Inc.*, 427 S.W.2d 414, 419 (Mo. 1968). Where the counterclaim seeks affirmative relief by asserting what is essentially a new cause of action, the statute of limitation properly bars the counterclaim. *Nw. Radiation Oncology*, 735 S.W.2d at 766. The Atkinson Appellants' recoupment argument is without merit.

The counterclaim/cross claim was not a recoupment. It was not purely defensive but affirmatively sought probate of the 1991 will if the August 2007 will was found invalid. More importantly, a special statute of limitations, not part of the general statute of limitations, is not subject to general tolling provisions and is instead only limited to any tolling provisions expressly included within the special statute. *Salvation Army, Kansas v. Bank of Am.*, 435 S.W.3d 661, 671 (Mo. App. W.D. 2014)(citing *State ex rel. Bier v. Bigger*, 178 S.W.2d 347, 350 (Mo. banc 1944)("[W]here a statute of limitations is a special one, not included in the general chapter on limitations, the running thereof cannot be tolled because of fraud, concealment or any other reason not provided in the statute itself.")). Section 473.083.1 is a special statute limiting the time for contesting a will, and it does not expressly or impliedly authorize the time to be extended based on a recoupment theory. To the contrary, section 473.083.1 explicitly provides that unless a will contest is brought within six months, "then probate or rejection of the will is binding." The Atkinson Appellants fail to cite any authority where an untimely will contest under section 473.083 brought as a counterclaim was otherwise saved because it was considered a recoupment. Section 473.083 is not subject to tolling under such theory. *See Salvation Army*, 435 S.W.3d at 671 (will presentment statute, section 473.050, is a special statute of limitations

10

and not subject to tolling due to lack of notice to beneficiary of a competing will or due to administrative delays in service). Because the counterclaim/cross claim was not filed within six months after the rejection of the 1991 will, the trial court did not err in entering partial summary judgment striking as untimely the counterclaim. The point is denied.

## II.

In their second point on appeal, the Atkinson Appellants assert that the trial court erred in entering summary judgment finding that the decedent died intestate when adversary probate proceedings remained pending regarding the acceptance or rejection of the alleged February 2007 and 2003 wills.

As mentioned above, the right to contest a will is purely statutory and may only be exercised in strict compliance with the statutory provisions. *Stroup*, 981 S.W.2d at 603. The sole purpose of an action to contest a will is to determine whether a certain instrument is or is not the will of the decedent. *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441, 444 (Mo. App. E.D. 1981). The limits of the will contest statute prescribe the court's authority. *Brunig v. Humburg*, 957 S.W.2d 345, 347 (Mo. App. E.D. 1997).

Before proof can be taken of any will, it must have been presented for probate to the probate court. *Id.* at 347 (citing § 473.050). To present a will, one must file it with an accompanying application or petition requesting the probate court to probate or reject the will. *Id.* Further, the time limitation to bring an action to contest a will or establish a rejected will is based upon the time the probate division orders probate or rejection of the will. *Id.*; *Gillman*, 629 S.W.2d at 446; § 473.083.1. Therefore, "'[t]he action of the probate division is a condition precedent to the bringing of a suit to set aside a will or to establish a will that has been rejected.'" *Brunig*, 957 S.W.2d at 347-48 (quoting *Gillman*, 629 S.W.2d at 446).

Under the will contest statute, the issues in a will contest are framed by the pleadings:

> If a timely petition is filed, it and the answer or answers thereto shall frame the issues of intestacy or testacy or which writings or writings constitute the decedent's will. The issues shall be tried by a jury, or if no party requires a jury, by the court, and the judgment thereon shall determine the issues.

§ 473.083.7. In a will contest proceeding, the opponent of a will may choose to challenge the validity of the purported will and also attempt to establish another will in its place. *Stroup*, 981 S.W.2d at 606. Section 473.083 "does not require the jury [or court] to establish all wills, but only requires the jury [or court] to decide the issues framed by the petition and answer." *Id.* at 604.

In the instant will contest, the August 2007 will and the 1991 will were at issue. The Quick Respondents and Respondent Firuccia each filed petitions to contest the purported August 2007 will admitted for probate. They alleged the purported will was invalid due to lack of mental capacity and undue influence and requested that the will be declared void and the decedent to have died intestate. The Atkinson Appellants and the Andersons each filed answers to the petitions denying the invalidity of the August 2007.[3] In addition, the Andersons filed a counterclaim/cross-claim praying that should the trial court find the August 2007 will invalid, it should admit the 1991 will and order that distributions from the decedent's estate be governed by it.[4] The Atkinson Appellants answered the Andersons' counterclaim/cross-claim admitting all of the allegations of the claim and praying that the court enter all appropriate relief.

---

[3] The Quick Respondents' petition alleged that petitions seeking to admit the lost or destroyed purported February 2007 will and the lost or destroyed purported 2003 will had been filed with the probate court but no ruling had been made on those petitions, and answers admitted such. The petition and answers, however, did not assert that either document was the last will and testament of the decedent.

[4] While the counterclaim/cross claim alternatively alleged that the purported 2003 will be admitted if the 1991 will was not, the 2003 will was never raised again. The subsequent motion for summary judgment on the counterclaim/cross claim concerned only the 1991 will. The trial court ultimately entered partial summary judgment against the Andersons on the counterclaim/cross claim. Furthermore, the point relied on and argument in this appeal regarding the partial summary judgment on the counterclaim/cross claim did not raise the 2003 will. No parties sought any action on the purported February 2007 will in this will contest.

Under section 473.083.7, the petitions of the Quick Respondents and Respondent Firuccia and the answers and counterclaim/cross-claim of the Andersons and the Atkinson Appellants framed the issues in the instant will contest action. Specifically, the petitions and answers raised the validity of the August 2007 will. The counterclaim/cross-claim asserted that if the August 2007 will was not valid, then the rejected 1991 will should be admitted. While petitions to admit the lost or destroyed purported February 2007 and 2003 wills were filed in the probate court, the probate court has not taken action on those purported wills and, in fact, stayed the proceedings. The purported wills were not at issue in the instant will contest. *See Stroup*, 981 S.W.2d at 604 (where there was no issue framed regarding validity of prior will, jury was not required to render a decision concerning it); *Brunig*, 957 S.W.2d at 348 (where a 1991 will was never presented to and no action was taken on it by the probate division, the trial court erred in submitting it to the jury as a alternate will of the testatrix in a will contest regarding 1985 and 1992 wills). *Cf. Kleim v. Sansone*, 248 S.W.3d 599, 601-02 (Mo. banc 2008)(premature will contest that was filed before probate division had ruled on application for probate of the will did not deprive the circuit court of jurisdiction to hear the will contest; rather than dismissing suit, the circuit court should have held prematurely-filed petition until after probate court admitted the will at issue to probate).

As discussed in point one, the trial court properly entered partial summary judgment against the Andersons on the counterclaim/cross-claim finding that it was untimely. At that point the only remaining issue framed by the petition and answers was the validity of the August 2007 will. The parties then stipulated and agreed that the August 2007 writing was not the decedent's last will and testament, and the trial court entered judgment accordingly. Having no

other purported wills before it at that time, the trial court properly entered summary judgment finding that the decedent died intestate.  The point is denied.

The judgment of the trial court is affirmed.


_____
VICTOR C. HOWARD, JUDGE

All concur.

14